In re Wayne Julius **SPEARS** and Peggy Lou Foutz Spears d/b/a Spears Oil & Gas Producers.

Billy R. **VINING**, Trustee of Wayne Julius Spears and Peggy Lou Foutz Spears, d/b/a Spears Oil & Gas Producers, Plaintiff,

v.

**SKELLY DRILLING COMPANY, Defendant.**

**Bankruptcy No. 583–00302–M. Adv. No. 584–0029.**

United States Bankruptcy Court, W.D. Louisiana, Monroe Division.

Aug. 3, 1984.

Stephen J. Katz, Bastrop, La., for Trustee.

Billy R. Vining, Pioneer, La., Trustee.

G. Lee Jackson, Tulsa, Okl., for defendant.

## FINDINGS OF FACT

LeROY SMALLENBERGER, Bankruptcy Judge.

(1)

Mr. Billy R. Vining is the duly appointed Trustee in this Chapter 11 reorganization case under the Bankruptcy Code.

(2)

On October 21, 1983, the said Trustee entered into an agreement to purchase and sell with the defendant, Skelly Drilling Co. represented by its President, Vern O. Collum. The Agreement to Purchase and Sell was introduced as Exhibit P-1.

(3)

The Agreement to Purchase and Sell called for the defendant, Skelly Drilling Co., to pay a total of $2,600,000.00 cash for the property interests to be sold under the Agreement which were attached to the Agreement as Exhibits A, B, and C.

(4)

The $2,600,000.00 was to be paid by the defendant depositing $1,000,000.00, which was not earnest money, with the Trustee and the remaining purchase price of $2,500,000.00 to be paid at the execution of the Act of Sale. The defendant paid to the Trustee on October 21, 1983, $100,000.00 and it was deposited in the Trustee's account.

(5)

The Agreement to Purchase and Sell provided that the Trustee would obtain Court approval for the sale which was obtained through two judgments of this Court dated November 16, 1983 and December 7, 1983 introduced as Exhibits P-3 and P-4.

(6)

The defendant has refused to perform under the agreement. The Trustee stood ready, willing and able to perform his obligations under the agreement.

(7)

On January 11, 1984, counsel for the Trustee and counsel for the defendant met in the office of the Trustee's counsel to discuss the transfer of the property and the title and ownership interest in the property.

(8)

The buyer, Skelly Drilling Co., agreed that with the exception of certain items set forth in a letter dated January 13, 1984 (Exhibit P-5) that the defendant would waive any title requirements and that the Trustee would cure or have cured some seven objections to title listed in the letter of January 13, 1984.

(9)

On January 20, 1984, the counsel for the Trustee forwarded to counsel for the buyer the necessary documents which cured the requirements in regard to title set forth in the January 13, 1984 letter.

(10)

After forwarding the aforesaid documents to the counsel for the defendant buyer, counsel for the buyer stated that the buyer, represented by its President, Mr. Collum, would be present at the office of the counsel for the Trustee on January 27, 1984, to execute the deed on the properties which was previously forwarded to counsel for the buyer and which had been approved by the buyer's counsel. On the morning of January 27, 1984, counsel for the buyer was finally contacted by counsel for the Trustee. Counsel for the buyer indicated that the buyer could not make the closing of January 27, 1984, and a new closing date was fixed for February 6, 1984 at 10:00 a.m. On February 6, 1984, the buyer failed to appear.

(11)

Following the items on the title issues forwarded to counsel for the buyer, title to

the properties being transferred was good and merchantable.

### (12)

In the memorandum on behalf of the defendant, the defendant's counsel argued that there were title defects in the oil and gas properties that are subject of the Agreement, and that these title defects prevent the Trustee from transferring good title. After reviewing the record, the Court finds that there was *no* evidence in the record that there were any title defects that were not waived by the defendant. All of the evidence before the Court was presented by or on behalf of the Trustee, and this evidence does not indicate any title defects which were unwaived by the defendant. The Court also notes that Mr. Vern O. Collum, President of Skelly Drilling Co. was present at the Court hearing but chose not to testify.

### CONCLUSIONS OF LAW

The Agreement to Purchase and Sell specifically provides: "If purchaser fails to perform its obligations hereunder, within the time stipulated, vendor shall have the right to declare the deposit forfeited without formality, or, alternatively make demand for specific performance from purchaser."

The Trustee, as seller, had completed all his obligations under the agreement and was prepared to close and sell the property and had fixed two closing dates previously described but the defendant buyer never appeared to take title to the property and has repeatedly refused since that date to pay the purchase price and to take title to the property despite repeated amicable demand by telephone and correspondence.

Article 2462 of the Louisiana Civil Code provides in pertinent part that:

"A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and items, and which, if it relates to immovables, is in writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same."

The Agreement to purchase and Sell executed by and between the Trustee and Skelly Drilling Co. did contain all the requirements of Article 2462, that is, there was consent of both parties as to the thing to be sold, described on Exhibits A through C attached to the agreement, the price was fixed at $2,600,000.00, the terms of the sale were fixed in the agreement, and the agreement was in writing.

The Court concluded that the Trustee has no other available remedy other than specific performance. Therefore, the Court grants judgment to the plaintiff, Trustee, for specific performance and in default thereof judgment against the defendant for the balance due on the purchase price.