**In re Dewey Wesley BANDY and Stephanie Ann Bandy, Debtors.**

**Bankruptcy No. 285–04125–D–7.**

United States Bankruptcy Court, E.D. California.

June 19, 1986.

Gerald L. White, Sacramento, Cal., for debtors.

Peter G. Fetros, Sacramento, Cal., for plaintiff.

**MEMORANDUM OPINION AND DECISION**

LOREN S. DAHL, Bankruptcy Judge.

**FACTS**

On April 15, 1985, prior to filing bankruptcy, Dewey W. and Stephanie A. Bandy

borrowed $2,103.71 from Aetna Finance Company (Aetna). As security for the loan, Aetna took a nonpurchase money security interest in the following items:

1. four televisions
2. video cassette recorder
3. Commodore computer
4. answering machine
5. Atari video game
6. stereo
7. tape player
8. three speakers
9. golf clubs
10. exercise bicycle and dyna gym
11. paint sprayer
12. drill/drill press
13. miscellaneous hand tools
14. lawn mower
15. miscellaneous garden tools
16. jade bracelet, ring and necklace

On October 18, 1985, the Bandys filed a joint chapter petition. The debtors listed Aetna on their schedule A–2 as the holder of a claim in the amount of $1,989 secured by household goods. On schedule B–4, the debtors listed household goods and wearing apparel with a value of $6,000 as exempt. The debtors also listed $1,000 in video equipment used as a tool of the trade and $1,000 in jewelry as exempt.

On January 23, 1986, the debtors filed a motion to avoid Aetna's lien pursuant to 11 U.S.C. § 522(f)(2). Aetna objects to the motion and primarily argues that the items encumbered by its security interest are not household goods nor furnishings as defined by § 522(f)(2)(A). Aetna continues that, as such, the debtors cannot avoid the lien.

The debtor's motion was argued orally on June 9, 1986 and submitted to the court on the briefs, declarations, and oral argument of the parties.

## DISCUSSION

11 U.S.C. § 522(f)(2) states,

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is ...

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

In the present case, Aetna does not appear to dispute the nonpurchase-money, nonpossessory character of its security interest. Aetna would also seem to agree that its lien can be avoided to the extent it impairs the debtors' exemptions. The sole issue is whether the personal property subject to Aetna's security interest comes within the list of items found in §§ 522(f)(2)(A) or (B).

Various bankruptcy courts have considered the issue of what items constitute household goods or furnishings. In *In re Ruppe*, 3 B.R. 60, 61 (Bankr.D.Colo.1980), the court held that household goods were those "items necessary to the functioning of the household". The court in *Ruppe* reasoned that appliances are usually included in the definition of household goods and furnishings. However, since § 522(f)(2)(A) specifically sets forth appliances, the court concluded that household goods and furnishings should be given a narrow interpretation. 3 B.R. at 61. The court denied the debtor's motion to avoid a lien against a movie camera and projector.

In contrast to *Ruppe*, the court in *In re Coleman*, 5 B.R. 76, 79 (Bankr.M.D.Tenn. 1980) held that household goods and furnishings should be given a liberal interpretation to include "any personal property

normally used by debtors or their dependents in or about their residence." The court in *Coleman* allowed the debtor to avoid a lien against a component stereo system.

Following the liberal approach of *Coleman*, the court in *In re Dipalma*, 24 B.R. 385, 390 (Bankr.D.Mass.1982) held that the categories of items listed in §§ 522(f)(2)(A), (B) and (C) should be as liberally construed as the exemptions found in § 522(d). The court allowed the debtor to avoid a lien against her motor home pursuant to § 522(f)(2)(A) even though the debtor used the motor home as a residence.

Turning to the present case, Dewey W. Bandy filed a declaration with this court on May 15, 1986 in which he states that all of the items which are subject to Aetna's security interest, except for the video cassette recorder, are held for his and his family's personal, family or household use. The debtor also states that he is self-employed in the video production business and the video cassette recorder is necessary to his trade. The court notes that at the present time, any and all of the items could normally be found in or around a household. Aetna has not presented to the court any declarations or other evidence which contradicts the debtor's declaration.

The court agrees with the reasoning and holding of *Coleman*. It is not clear that the household goods and furnishings referred to in § 522(f)(2)(A) should be given a narrow interpretation. Therefore, the court holds that household goods and furnishings includes any personal property which is normally used by and found in the residence of a debtor and his dependents or at or upon the curtilage of said residence. This definition also includes personal property that enables the debtor and his dependents to live in a usual convenient and comfortable manner or that has entertainment or recreational value and even though it is used away from the residence or its curtilage.

The debtors can avoid Aetna's lien on all of the items of personal property hereinabove set forth which are found to be embraced within the categories set forth in 11 U.S.C. §§ 522(f)(2)(A), (B) and (C). This memorandum opinion and decision shall constitute findings of fact and conclusions of law. Counsel for the debtor shall prepare and submit an order consistent with this opinion.