**In re Terrence P. GONSHOROWSKI, Hattie L. Gonshorowski, Debtors.**

**Bankruptcy No. BK 89–01957.**

United States Bankruptcy Court, N.D. Alabama, W.D.

Jan. 11, 1990.

Cindy Dale Holmes, Birmingham, Ala., for debtors.

Mark Friedman, Birmingham, Ala., for creditor, City Finance.

Edwina E. Miller, Tuscaloosa, Ala., trustee.

## MEMORANDUM OF DECISION

GEORGE S. WRIGHT, Chief Judge.

This matter came before the Court on the Debtor's Motion to Avoid Lien of City Finance to the extent it impairs exemptions. City Finance objected to the Debtor's motion on the grounds that the avoidance was not authorized under Bankruptcy Code Section 522(f)(2). After consideration of the applicable law, it is the opinion of this Court that the Debtor's Motion is due to be GRANTED. This memorandum shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

## FINDINGS OF FACT

On September 29, 1989, Terrence P. and Hattie L. Gonshorowski (hereinafter the Debtors) filed a voluntary chapter 7 petition. The Debtors claimed as exempt all household goods and furniture, personal clothing, and two vehicles. Listed as a creditor was City Finance which held a non-possessory, non-purchase money security interest in certain items including a .22 revolver.[1] On November 16, 1989 the Debtors filed a Motion to Avoid Lien of City Finance. City Finance filed an objection to said motion asserting that the revolver was not within the purview of Bankruptcy Code Section 522(f)(2) and therefore not subject to being avoided.[2]

This Court must now decide whether the Debtor's motion as to the revolver is due to be granted. Central to this determination is the definition of "household goods".

## CONCLUSIONS OF LAW

Items that constitute "household goods" under Section 522(f)(2) have been the source of much judicial debate. This Court has previously addressed the problem in the case of *In re Moore*, 87-08058 (Bkrtcy. N.D.Ala. April 13, 1988) and now adopts and includes the *Moore* decision as controlling.[3]

In *Moore* this Court set out the following test for evaluating questions of what constitutes "household goods" under Section 522(f)(2):

there is a rebuttable presumption that items used by debtors or their dependents in or around their residence are household goods.

Inasmuch as the presumption is rebuttable, the following additional factors must also be considered:

1. Whether the item in question is included within those items defined as household goods under the FTC definition;

2. The number of other like or similar items owned by the debtor;

3. The ages, sex and number of the debtor's dependents;

4. The standard of living to which the debtor and his family have become accustomed viewed in light of his annual income;

---

1. City Finance admits in its Objection [dated December 7, 1989, and listed as Doc. # 10] to Motion to Avoid Lien that the security interest is non-possessory and non-purchase money.

2. The Debtor's Motion to Avoid Lien of City Finance included items other than the revolver. These items shall not be considered in this opinion inasmuch as City Finance consented in its Objection that the Motion To Avoid Lien should be granted with respect to all the items of collateral subject to its security interest, except the revolver.

3. The *Moore* opinion is set out in its entirety as an appendix to this opinion.

5. The standard of living of members of the debtor's neighborhood;

6. The use to which the item is put (i.e. recreational, personal or business);

7. Whether the item is one for which a certificate of title is issued;

8. Whether the items are luxury goods.

Revolvers of this type are typically used for defense by debtors and their dependents, particularly around the home. The revolver is clearly not a luxury item nor do the debtors own more than the one revolver. In applying the above referenced test and factors, this Court concludes that the revolver is a household good as contemplated by Section 522(f)(2) and as such is subject to avoidance by the Debtors.

This memorandum shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. A separate order shall be entered in accordance with the foregoing.

DONE AND ORDERED.

## APPENDIX

In the United States Bankruptcy Court for the

Northern District of Alabama Western Division

In re:

Robert Joseph Moore, Sr.

& Justine Mary Moore, Debtors.

BK# 87–08058

Chapter 7

L–137

## MEMORANDUM OF DECISION

This matter came before the Court on the Debtors' motion to avoid the lien of ITT Financial Services (hereinafter ITT) to the extent it impaired their exemptions. ITT objected to the Debtors' motion on the grounds that the avoidance was not authorized under Section 522(f)(2)(A) of Title 11. After reviewing the brief filed by ITT and the applicable law, it is the opinion of this Court that the Debtors' motion is due to be partially granted and partially denied.

## FINDINGS OF FACT

On September 11, 1987, Joseph Moore, Sr. and Justine Mary Moore (hereinafter the Debtors) filed a voluntary Chapter 7 petition. In that petition, the Debtors claimed as exempt all of their household goods and furnishings as well as certain guns. Listed as a secured creditor was ITT which, according to the Debtors, held a non-purchase money security interest in household goods.

On November 30, 1987, the Debtors filed a motion to avoid ITT's security interest under Section 522(f)(2)(A) of Title 11 of the United States Code. In their motion, the Debtors alleged that "[o]n or about July 17, 1987, debtors refinanced a loan with ITT Financial Services. As security for the loan ITT insisted upon, and debtor, Robert Moore, executed a note and security agreement granting ITT a security interest in and on the debtors' personal property, which consisted of household furnishings, appliances, and musical instruments which are held primarily for the family and household use of the debtors and their dependents." ITT objected to the Debtors' motion on the grounds that it sought avoidance of ITT's lien as to items of property not qualifying under Section 522(f)(2)(A). Specifically, ITT objected to the avoidance of its lien as to a .243 caliber rifle, a .308 caliber rifle, a 12 gauge shotgun, a Stihl chainsaw, a Kodak movie camera, a Kodak movie projector and a ten-speed bicycle. ITT apparently did not take issue with the Debtors' motion as it effected ITT's lien on the following: (1) a television set (2) stereo equipment (3) musical instruments (4) home workshop tools and (5) garden equipment. All of these items, in addition to those previously mentioned, were pledged as security for the loan given by ITT.

This Court must now decide whether the Debtors' motion as to the disputed items of personalty should be granted. Central to this determination is the definition of household goods.

## CONCLUSIONS OF LAW

While numerous courts have addressed the question of what qualifies as a house-

APPENDIX—Continued

hold good under Section 522(f)(2)(A), there appears to be little uniformity in the manner in which the question has been answered. Put simply, one can find any number of cases to support either a narrow definition of household goods or a broad definition. Some courts have decreed that Section 522(f)(2)(A) should be construed strictly[1] while other courts have adopted a more liberal view[2] of the scope of lien avoidance.

Individuals who favor defining household in the narrowest of terms, have relied heavily on guidelines published by the Federal Trade Commission (hereinafter the FTC). The FTC defines household goods as "[c]lothing, furniture, appliances, one radio and one television, linens, china, crockery, kitchenware, and personal effects (including wedding rings) of the consumer and his or her dependents, provided that the following are not included within the scope of the term 'household goods': (1) works of art; (2) electronic entertainment equipment (except one television and one radio); (3) items acquired as antiques; and (4) jewelry (except wedding rings)." 16 C.F.R. Section 444.1(i).

Judges have however generally refused to adopt the FTC definition.[3] As stated in the case of In re Boyer, 63 B.R. 153, 159 (Bankr.E.D.Mo.1986) "[i]t ... does not follow that if an item does not fall within the FTC definition of household goods, that it is not household goods for the purpose of lien avoidance under the Bankruptcy Code. The FTC's definition, after all, was not promulgated simply for use in a bankruptcy context, but reflects a cost benefit analysis of a credit practice involving all consumer debtors." In Boyer, the Court went on to hold that "household goods include more than those items that are indispensable to the bare existence of a debtor and his family. Items which, while not being luxuries, are convenient or useful to a reasonable existence must also be included." (citation omitted)[4] In re Boyer, 63 B.R. at 159.

In the case of In re Vaughn, 64 B.R. 213, 214 (Bankr.S.D.Ind.1986), Judge Sufana held that "[t]o declare that only goods necessary for the operation of the household can qualify as 'household goods' would be to ignore cases where non-necessary goods were given such status." The Vaughn Court defined household goods as those items of "personal property normally used by debtors or their dependents in or about their residence." In re Vaughn, 64 B.R. at 215. The concept of "used by debtors or their dependents in or about their residence" was also addressed in the case of In re Bandy, 62 B.R. 437, 439 (Bankr.E.D.Calif.1986). In Bandy, the Court held that household goods included personal property "normally used by and found in the residence of a debtor and his dependents or at or upon the curtilage of said residence" including items which allow the debtor "to live in a usual convenient and comfortable manner or that has some entertainment or recreational value and even though it is used away from the residence or its curtilage."

The theme running throughout most of the cases which favor a broader definition of household goods is the belief that Congress intended to allow Debtors to begin again without requiring them to give up each and every item of property they owned. As stated in In re LaFond, 791 F.2d 623 (8th Cir.1986) "[o]ne primary purpose of the Bankruptcy Code is to afford the financially beleaguered a fresh start by readjusting financial rights and liabilities.... (citations omitted). A fresh start cannot be attained by returning a debtor to

1. See In the Matter of Thompson, 750 F.2d 628 (8th Cir.1984) and In re Spears, 46 B.R. 255 (Bankr.W.D.Va.1984).

2. See In re Bandy, 62 B.R. 437 (Bankr.E.D.Calif. 1986).

3. Judge Kahn in the case of In the Matter of Smith, 57 B.R. 330, 331 (Bankr.N.D.Ga.1986) cited the FTC definition and then held that the Court would "not be bound by the rulings of an agency unless directed by Congress to follow same."

4. In In re Vaughn, 67 B.R. 140 (Bankr.C.D.Ill. 1986) Judge Altenberger, relying on Boyer, held that the debtor could avoid a nonpossessory, nonpurchase money security interest in a stereo.

APPENDIX—Continued

point zero. Sec. 522(f) encompasses property which Congress envisioned as necessary to give substance to the concept of a fresh start. This property is required for the maintenance, health and welfare of the debtor and his family, and avoids literal destitution. Eliminate them and the debtor would be left financially fresh, but without start."

In order for debtors to have any meaningful chance at a fresh start bankruptcy courts must be willing to show some flexibility in deciding questions which arise under Section 522(f)(2)(A). Thus, this Court expressly declines to adopt the FTC definition of household goods and instead adopts a rebuttable presumption that items used by debtors or their dependents in or around their residence are household goods. Since the presumption is a rebuttable one, the Court also adopts the following list of factors which it will consider in a case in which a lien avoidance question arises.

1. Whether the item in question is included within those items defined as household goods under the FTC definition;

2. The number of other like or similar items owned by the debtor;

3. The ages, sex and number of the debtor's dependents;

4. The standard of living to which the debtor and his family have become accustomed viewed in light of his annual income.

5. The standard of living of members of the debtor's neighborhood;

6. The use to which the item is put (i.e. recreational, personal or business);

7. Whether the item is one for which a certificate of title is issued;

8. Whether the items are luxury goods.

Even with the factors and the presumption enunciated above, it is impossible to provide the practicing bar with a truly predictable outcome in every lien avoidance dispute. While lawyers and judges alike strive for predictability, this Court must strike a balance between predictability and the purpose and spirit of the Bankruptcy Code. In disputes like the one at issue here, it is the opinion of the Court that the only way to arrive at a just and equitable outcome is to review each fact situation on a case-by-case basis.

In applying the above cited factors to this case, the Court is of the opinion that the Debtors' motion to avoid ITT's lien on the .243 caliber rifle, the .308 caliber rifle, and the 12 gauge shotgun is due to be denied. The Court is presented with a more difficult decision as it relates to the Debtors' attempt to avoid ITT's lien on a Kodak movie camera, a Kodak movie projector, the Stihl chainsaw and a ten-speed bicycle. While the camera, projector and bike are undisputedly recreational items, the Court is not prepared to hold that recreational items are automatically excluded from being treated as household goods. Surely, there can be recreation in the home.[5] The appropriate test is whether the items are (1) used in or around the Debtors' home (2) whether the items are luxury goods (3) whether the items are used for personal enjoyment as opposed to being used in the production of income and (4) whether ownership of the items would be considered outrageous in light of the community's standard of living. Based on these considerations, the Court is of the opinion that the Kodak camera, the Kodak projector and the bike should be classified as household goods under the facts of this case. In addition, the Court holds that the Stihl chainsaw is an item of machinery used for the purpose of maintenance or upkeep of the homeplace,[6] and as such, should be treated as such, should be treated as a household good. As such the Debtors' motion to avoid ITT's lien will be granted as to the following items: (1) a television set (2) stereo equipment (3) musical instruments (4) home workshop tools (5)

---

**5.** The Court rejects the holding of *In re McTearnen,* 54 B.R. 764, 765 (Bankr.D.Colo.1985) in which it was stated:

The items in dispute do not represent the types of property a debtor needs for his "fresh start", but can more readily be classified as "recreational" property.

**6.** The chainsaw can also be used to supply firewood to the Debtors and their family.

APPENDIX—Continued

garden equipment (6) the Kodak camera and projector (7) the ten-speed bicycle and (8) the Stihl chainsaw.

This memorandum shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. A separate order will be entered consistent with this opinion.

DONE AND ORDERED this 13 day of April, 1988.

/s/ George S. Wright
GEORGE S. WRIGHT
U.S. BANKRUPTCY JUDGE