**In re Eugene Russell RUPPE, Debtor.**

**GENERAL FINANCE CORPORATION OF COLORADO, Plaintiff,**

**v.**

**Eugene Russell RUPPE, Defendant.**

**Bankruptcy No. 80 K 0085.**

United States Bankruptcy Court, D. Colorado.

Feb. 21, 1980.

P. Kay Norton, Greeley, Colo., for plaintiff.

Charles B. Dickson, Dickson & Dickson, Greeley, Colo., for defendant.

**ORDER GRANTING RELIEF FROM STAY AND DETERMINING EXEMPTIONS PURSUANT TO 11 U.S.C. § 522(f)**

GLEN E. KELLER, Jr., Bankruptcy Judge.

THIS MATTER is before the Court upon the complaint of General Finance Corporation of Colorado for relief from the automatic stay imposed pursuant to 11 U.S.C. § 362 and the Debtor's assertion in response that the property sought to be recovered by General Finance should be exempted from such action under the provisions of 11 U.S.C. § 522(f). Several items of property are involved—a 1975 Zenith 25-inch color console television, an AM/FM radio, a turntable, an 8-track tape recorder, a Kodak carousel slide projector, a Kodak Ectasound movie projector, and a Kodak Ectasound movie camera. It is agreed by the parties that the values of the property are for the stereo system, including the AM/FM radio, a maximum value of $100.00; for the television set, a maximum value of $250.00; for the Ectasound camera, $80.00; for the Ectasound projector, $150.00; and for the carousel projector, $75.00. There is no dispute between the parties that the security interest of Plaintiff is nonpossessory nonpurchase money interest and that under § 522(f), the security interest may be avoided to the extent of the exemption in the television set and in the stereo system.

There is, in fact, a genuine dispute as to whether the camera and two projectors constitute household goods or household furnishings or appliances within the meaning of § 522(f). The new Bankruptcy Code does not contain any definition of any of these items which is helpful to the Court. The language of § 522(f) is significant in that it provides the debtor may avoid the fixing of a lien on an interest of the debtor in:

household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor. 11 U.S.C. § 522(f)(2)(A).

It seems clear to the Court that household goods and household furnishings would not include a camera or a projector within the definitions there set forth if taken in the context of the list of goods which are held to be exempt. Certainly, under many definitions of household furnishings and goods, appliances would be considered to be included. They have been specifically set forth in this Statute, indicating a narrow definition for household goods and household furnishings as therein used. The same might be true of musical instruments under some modern, liberal definitions of exempt household goods. State law defines household goods as follows:

"Household goods" means, by way of illustration, household furniture, furnishings, dishes, utensils, cutlery, tableware, napery, pictures, prints, appliances, stoves, beds and bedding, freezers, refrigerators, washing machines, television sets, radio sets, musical instruments, bicycles, sewing machines, toys, and firearms. 1973 C.R.S. § 13–54–101(5).

The Court can only conclude that the definition of household goods must be given a narrow construction here. The construction most properly applied would be those items necessary to the functioning of the household consistent with providing the debtor the fresh start contemplated by the overall bankruptcy philosophy. Accordingly, a camera and projectors would not be included as they are not necessary to the functioning of the household but are, in fact, recreational items.

The Debtor has prayed in the event of a determination that any items are not protected under § 522(f), that he be allowed to redeem the items under 11 U.S.C. § 722. Accordingly, the Court determines that the television set is not protected to the extent of $50.00 of value thereof and, further, that

the camera and projectors are not protected pursuant to § 522 to the extent of $305.00. Now, therefore, it is

ORDERED that the complaint for relief from stay be and the same hereby is granted to the extent of $50.00 of value in the console television and to the full extent of the value of the camera and projectors.

FURTHER ORDERED that the Debtor may redeem such items upon the payment of the amounts hereinabove set forth as provided in 11 U.S.C. § 722.