**In re James Arthur COLEMAN and Mary Ann Coleman, Debtors.**

**James Arthur COLEMAN and Mary Ann Coleman, Plaintiffs,**

**v.**

**LAKE AIR BANK, Defendant.**

Bankruptcy No. 379–02335.

Adv. No. 380–0189.

United States Bankruptcy Court, M. D. Tennessee.

June 5, 1980.

Michael E. Starling. Nashville, Tenn., for plaintiffs.

James R. Stallings, Jr., Lebanon, Tenn., for defendant.

## MEMORANDUM

RUSSELL H. HIPPE, Jr., Bankruptcy Judge.

The sole issue to be resolved by the court in this adversary proceeding is whether a component stereo system consisting of a receiver, turntable, two tape recorders, and a pair of speakers constitutes "household furnishings" or "household goods" for the purpose of enabling the debtors to avoid the defendant creditor's nonpossessory, nonpurchase-money security interest in the same pursuant to 11 U.S.C. § 522(f)(2)(A). The creditor does not appear to contest the right of the debtors to exempt this property from the estate pursuant to the new federal bankruptcy exemption, but asserts that these phrases, at least when used to de-

scribe property subject to the lien avoidance provisions of § 522(f), should be restricted to those items absolutely essential to the debtors' fresh start and should not include entertainment and recreational items such as the rather elaborate stereo system which is the subject of the complaint.

The exemption provisions of the Bankruptcy Reform Act of 1978 are set out in § 522. It has thirteen subsections, (a) through (m). The subsections pertinent to this proceeding are (b), (d), and (f).

Subsection (b)[1] gives individual debtors a choice of exempting property from the estate either pursuant to the new federal bankruptcy exemption or pursuant to federal nonbankruptcy law and the exemption laws of the state of the debtors' domicile. The new federal bankruptcy exemption is set out in subsection (d).[2] Subsection (f)[3] gives individual debtors the right to avoid certain security interests in certain property to the extent that they impair exemptions to which the debtors are entitled pursuant to either the federal bankruptcy exemption or nonbankruptcy exemption statutes. Although subsection (a) contains the definitions of certain terms appearing in § 522, none of the pertinent phrases appearing in subsection (f) are defined.

The phrases in subsection (f) describing property subject to the lien avoidance provisions appear verbatim in the federal bank-

1. Section 522(b) provides:
(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—
(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and
(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

2. Section 522(d) provides in pertinent part:
(d) The following property may be exempted under subsection (b)(1) of this section:
(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

. . . . .

(3) The debtor's interest, not to exceed $200 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.
(4) The debtor's aggregate interest, not to exceed $500 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.
(5) The debtor's aggregate interest, not to exceed in value $400 plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property.
(6) The debtor's aggregate interest, not to exceed $750 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

. . . . .

(9) Professionally prescribed health aids for the debtor or a dependent of the debtor.

. . . . .

3. Section 522(f) provides:
(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien; or
(2) a nonpossessory, nonpurchase-money security interest in any—
(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

ruptcy exemption set out in subsection (d). The phrases appearing in subsection (f)(2)(A) are carried over from subsections (d)(3) and (d)(4). The phrases appearing in subsection (f)(2)(B) are carried over from subsection (d)(6). The phrases appearing in subsection (f)(2)(C) are carried over from subsection (d)(9).

There is no indication that these phrases be given a more restricted scope in subsection (f) than in subsection (d). The legislative history of subsection (f) indicates that it

> protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property.

H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 362 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6318; S.Rep.No. 95–989, 95th Cong., 2d Sess. 76 (1978).

Exemption statutes generally have always been construed liberally in favor of debtors. *E. g., In re Isele,* 33 F.Supp. 853 (W.D.Tenn.1940); *American Trust & Banking Co. v. Lessly,* 171 Tenn. 561, 106 S.W.2d 551 (1937); 31 Am.Jur.2d *Exemptions* §§ 3, 8 (1967). Under the old Bankruptcy Act of 1898 debtors were permitted to exempt property from their estates only pursuant to state and federal nonbankruptcy exemption statutes. 11 U.S.C. § 24 (1976). It was well settled under that Act that these exemption statutes should receive a liberal construction in bankruptcy cases. *E. g., In re Andrews & Simonds,* 193 F. 776 (W.D. Mich.1911); *In re Culwell,* 165 F. 828 (D.Mont.1908); 1A Collier, Bankruptcy ¶ 6.03[3] (14th ed. 1978).

With no definitions of "household furnishings" or "household goods" appearing in the Reform Act, this court must look to decisions construing similar phrases in state exemption statutes. Many of those statutes employ these or similar phrases but most limit their scope by the adjective "necessary." *See* Annot., 41 A.L.R.3d 607, 609 (1972).

In determining whether specific items are exempted as necessary household furnishings, state courts have given consideration to the particular debtor's station in life and the manner of living to which he or she had become accustomed. *Newport Nat'l Bank v. Adair,* 2 Cal.App.3d 1043, 83 Cal.Rptr. 1 (Ct.App.1969); *Independence Bank v. Heller,* 275 Cal.App.2d 84, 79 Cal.Rptr. 868 (Ct. App.1969); Annot., 41 A.L.R.3d 607, 611–12 (1972). There is general agreement that the term "necessary" as it is used in exemption statutes in connection with household furnishings encompasses more than those items that are indispensable to the bare existence of the debtor and his family and includes items that are convenient or useful to the debtor or his family or that enable them to live in a comfortable and convenient manner. Annot., 41 A.L.R.3d 607, 611–12 (1972). Thus, a stereo has been held to fall within the class of necessary household furnishings and appliances that are exempt from execution. *Sanabia v. Sanabia,* 95 Cal.App.3d 483, 157 Cal.Rptr. 56 (Ct.App.1979).

In one of the first reported decisions construing these phrases in 11 U.S.C. § 522(f), the bankruptcy court for the District of Colorado held that "household goods" did not include a slide projector, movie projector, or movie camera. The court reasoned that since some items which would be included in a liberal definition of "household goods"—such as appliances and musical instruments—had been listed separately in subsection (f), Congress intended to give "household goods" a limited scope.

> The Court can only conclude that the definition of household goods must be given a narrow construction here. The construction most properly applied would be those items necessary to the functioning of the household consistent with providing the debtor the fresh start contemplated by the overall bankruptcy philosophy. Accordingly, a camera and projectors would not be included as they are not necessary to the functioning of the household but are, in fact, recreational items.

*General Finance Corp. v. Ruppe,* 3 B.R. 60, 5 Bankr.Ct.Dec. 1404, 1405 (Bkrtcy.D.Colo. 1980).

A review of the legislative history of 11 U.S.C. § 522, however, reveals no intention on the part of Congress to depart from the well-accepted general approach to construing exemption statutes liberally in favor of debtors. Subsection (f) is an integral part of the comprehensive exemption provisions of the Bankruptcy Reform Act. The fact that appliances and musical instruments have been listed separately does not in itself indicate an intention to give to phrases such as "household furnishings" and "household goods" a narrow construction. A debtor may own appliances and musical instruments that are not used in or about his residence and thus might not be considered "household furnishings" or "household goods."

Even state statutes which limit exemptions to "necessary" household furnishings or goods have been construed to include recreational and entertainment items. In the federal bankruptcy exemption Congress chose value limitations as the principal means of defining the limits to which property can be exempted from the estate. If a debtor chooses to do so, he may carry over $7,900 in value from subsection (d)(1) through subsection (d)(5) to the "household furnishings" exemption of subsection (d)(3) and thereby exempt a valuable piece of antique furniture which obviously would be classified as household furnishings but just as obviously would not be essential to the proper functioning of a household. If such property is classified as "household furnishings" under subsection (d), it would continue to be so classified under the lien avoidance provisions of subsection (f). The purpose of subsection (f) is not to restrict but to protect the debtor's exemptions.

An additional consideration militating in favor of giving the phrases in subsection (f) a broad scope is the applicability of the lien avoidance provisions to property claimed as exempt under state exemption statutes. In order to protect those exemptions, these phrases must be sufficiently broad to cover the most liberal constructions of such state statutes. If the scope of the lien avoidance provisions of 11 U.S.C. § 522 is to be restricted, it must be through the statutory

provisions governing what property may be claimed as exempt. It appears to be contemplated by 11 U.S.C. § 522(b)(1) that states may pass legislation denying their citizens the federal bankruptcy exemption and debtors, in any event, may voluntarily choose state exemptions. If under state law certain property may not be claimed as exempt as "household furnishings", the security interest of the creditor would not be avoided. If property is not exempt, the lien avoidance provisions of 11 U.S.C. § 522(f) are not applicable. This consideration obviously is an additional incentive for creditors to encourage state legislators to opt out of the federal bankruptcy exemption.

In the opinion of the court, the phrases "household furnishings" and "household goods" as used in subsections (d) and (f) of 11 U.S.C. § 522 should be given a liberal construction to include any personal property normally used by debtors or their dependents in or about their residence. These phrases include home entertainment items, such as a stereo system, regardless of how elaborate.

An appropriate order will be entered.