In re Steven Ornelas MARTINEZ, a/k/a Steve Martinez, and Patricia Lynn Martinez, a/k/a Patty Martinez, Debtors.

Steven Ornelas MARTINEZ and Patricia Lynn Martinez, Plaintiffs,

v.

GOVERNMENT EMPLOYEES CREDIT UNION OF EL PASO, Defendant.

Bankruptcy No. 81–01084 M L.
Adv. No. 81–0755.

United States Bankruptcy Court,
D. New Mexico.

May 10, 1982.

**8**

Robert D. Clark, Las Cruces, N.M., for plaintiffs.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came on for hearing January 28, 1982, on plaintiff's Complaint to Void Lien, the plaintiffs being present in person and through their counsel, Robert D. Clark, and the defendant neither appearing through a representative or counsel, the Court having heard argument of counsel and having ruled from the bench.

Plaintiffs filed a complaint to void lien held by defendant on December 7, 1981, pursuant to 11 U.S.C. § 522(f)(2)(A) (1978). The lien is upon a motor vehicle. In its letter of December 23, 1981, the defendant stipulated that its security agreement should be treated as a nonpurchase-money agreement. The letter was filed with the Clerk of the Bankruptcy Court January 7, 1982. Answer date for defendant was January 8, 1982.

This Court finds that motor vehicles do not fall within the meaning of the term "household goods" as it is used in 11 U.S.C. § 522(f) (1978).

The term "household goods" as used in 11 U.S.C. § 522(f)(2)(A) (1978) must be strictly construed and must include only those items necessary to the functioning of a household. *In re Ruppe (General Finance Corp. of Colorado v. Ruppe),* 3 B.R. 60, 1 C.B.C.2d 479, 5 B.C.D. 1404 (Bkrtcy.D.Colo. 1980); *In re Boozer (Boozer v. Kennesaw Finance Co.),* 4 B.R. 524, 2 C.B.C.2d 435, 6 B.C.D. 529 (Bkrtcy.N.D.Ga.1980). Since the statute lists goods to be included within the meaning of "household goods," the statute necessarily must be narrowly construed. *Ruppe, supra.*

The omission of motor vehicles in § 522(f) reflects Congressional intent and negates the debtors' argument that their car should be treated as part of their household goods. *In re Abt (Abt v. Household Finance Co.),* 2 B.R. 323, 1 C.B.C.2d 374, 5 B.C.D. 1237 (Bkrtcy.E.D.Pa.1980).

This Court, therefore, will not allow plaintiffs to void defendant's lien on a motor vehicle because motor vehicles are not "household goods" within the meaning of 11 U.S.C. § 522(f)(2)(A) (1978).

An appropriate order will enter.