In re John O. LANGLEY, Debtor.

Bankruptcy No. 181–00391.
Adv. No. C182–0023.

United States Bankruptcy Court,
D. Maine.

June 30, 1982.

Robert H. Page, Caribou, Maine, for debtor.

Jonathan W. Sprague, Presque Isle, Maine, trustee, pro se.

MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

The debtor on January 13, 1982 filed an amended Schedule, in which he claimed exemptions in a 1978 Ford Bronco motor vehicle and in a Massey Ferguson Garden Tractor pursuant to Me.Rev.Stat.Ann. tit. 14, § 4422(16). The trustee filed an objection to the claimed exemption in the Bronco on January 28, 1982, and to the claimed exemption in the tractor on February 1, 1982. A hearing was held on April 5th, at which counsel agreed to submit an Agreed Statement of Facts and briefs.

The debtor first contends that pursuant to Bankruptcy Rule 403, the trustee's objections were untimely filed. To the

extent that Bankruptcy Rule 403 limits the time in which objections to the debtor's claim of exemptions may be filed, however, the Rule is inconsistent with 11 U.S.C. § 522(*l*), and is, therefore, ineffective. *See* Pub.L. 95–598, § 405(d). Under the new Bankruptcy Code, "[n]o time for filing objections to the debtor's claim of exemptions is specified. Until a new rule is promulgated this matter must be covered by a local rule or order pursuant to the grant in Rule 927." *1979 Collier Pamphlet Edition, Bankruptcy Rules*, Rule 403: 1978 Bankruptcy Code-Comment at 153 (1979); *see In re Tuttle*, 15 B.R. 14, 17, 8 B.C.D. 468, 470 (D.C.), aff'd 16 B.R. 470 (D.Kan.1981).[1] The court for the District of Maine has promulgated local rules and forms which include Form No. 13A. That form notes that objections to a debtor's claimed exemptions must be filed within fifteen days after the initial meeting of creditors called pursuant to 11 U.S.C. § 341(a). In this case, the initial meeting of creditors was scheduled for January 18, 1982—objections to the original claimed exemptions pursuant to Form No. 13A were, therefore, not due until February 2, 1982. Moreover, after the debtor filed his amended schedule of exemptions, notice was given to the trustee that objections to the amended claims would be due on or before February 2, 1982. Clearly, the trustee's objections, both of which were filed on or before February 1, 1982, were timely.

The debtor is an obstetrician-gynecologist who, prior to filing in bankruptcy, lived in a country home approximately eight miles from the Caribou hospital. The debtor's practice required him to be on emergency call at all times, in particular to be available to deliver babies at the hospital. The debt-

or owned a 1979 Ford Thunderbird, which he used for personal transportation, and the 1978 Ford Bronco. The Bronco has four-wheel drive, and has snow tires on all four wheels. The debtor was advised by other physicians that a four-wheel drive vehicle is necessary in order to be able to attend emergency calls at the hospital. The Bronco is the only vehicle used by the debtor in his professional practice. The Bronco is not equipped with any special feature useful in the debtor's practice other than four-wheel drive.

The debtor contends that the Bronco is a tool of the trade as defined in Me.Rev.Stat.Ann. tit. 14, § 4422(5). If so, then the debtor may apply his unused residence exemption to the Bronco pursuant to *id.* § 4422(16).[2]

Section 4422(5) exempts:

The debtor's aggregate interest, not to exceed $1,000 in value, in any implements, professional books or tools of the trade of the debtor ... including but not limited to, power tools, materials and stock designed and procured by him and necessary for carrying on his trade or business and intended to be used or wrought therein.[3]

A motor vehicle may be a tool of the trade if it is necessary to, and used by the debtor to carry on his trade. *In re Eagan*, 16 B.R. 439, 441, 8 B.C.D. 762, 764 (Bkrtcy.N.D.N.Y. 1982) *quoting In re Meyers*, 2 B.R. 603, 605, 5 B.C.D. 1306, 1307, (Bkrtcy.E.D.Mich.1980); *In re Damron*, 5 B.R. 357, 358 (Bkrtcy.W.D. Ky.1980). *But see In re Sweeney*, 7 B.R. 814, 818–19, 6 B.C.D. 1377, 1379–80, 3 C.B. C.2d 523, 527–528, (Bkrtcy.E.D.Wis.1980)

1. Rule 4003(b) of the Preliminary Draft of Proposed New Bankruptcy Rules would fill this gap, permitting objections to exemptions within 30 days after debtor files his list of exemptions or any amendment thereto.

2. Me.Rev.Stat.Ann. tit. 14, § 4422(16) exempts from attachment and execution:

   The debtor's interest, equal to any unused amount of the exemption provided under subsection 1 but not exceeding $4,500, in any property exempt under subsections 3, 5 [tools of the trade] and 14, paragraph D.

3. Section 4422(5) substantially tracks the language of 11 U.S.C. § 522(d)(6). It was the Legislature's intent to adopt the existing federal exemptions except to the extent that prior state exemptions were more generous. *See In re Breau*, 17 B.R. 697, 698 (Bkrtcy.D.Me.1982). Therefore, cases interpreting 11 U.S.C. § 522(d)(6) [federal tools of the trade exemption] will be useful in interpreting Me.Rev.Stat. Ann. tit. 14, § 4422(5).

(dicta). The need for the vehicle to commute to work, even where no alternative means of transportation are available, is not alone sufficient to support a finding that the vehicle is a tool of the trade. *In re Damron*, 5 B.R. at 358. In this case, the Bronco is not uniquely equipped for use in the debtor's trade.[4] *Cf. In re Seacord*, 7 B.R. 121, 123 (Bkrtcy.W.D.Mo.1980) (van specially equipped to transport stock debtor sells). Nor is there *any* evidence of its use by the debtor in carrying on his profession other than for commuting between his home and the Caribou hospital. *Cf. In re Bechen*, 11 B.R. 939, 942 (Bkrtcy.D.S.D. 1981) (vehicle needed to travel to customers' residences in order for debtor to perform services). On the evidence before it, the court finds that the 1978 Bronco does not qualify as a tool of the trade under Me.Rev. Stat.Ann. tit. 14, § 4422(5), and thus may not be claimed as exempt property under that subsection or under *id.* § 4422(16).

As for the Massey Ferguson garden tractor, the parties stipulated that the debtor used it exclusively to mow his lawn, and do other types of garden work around the house. The debtor contends that the tractor is exempt pursuant to Me.Rev.Stat.Ann. tit. 14, § 4422(3), which exempts "[t]he debtor's interest, not to exceed $200 in value in any particular item, in household furnishings, household goods, . . . that are held primarily for the personal, family or household use of the debtor . . . ."[5] If the tractor qualifies as exempt under this subsection, then the debtor may apply his unused residence exemption to it pursuant to *id.* § 4422(16).[6]

The trustee argues that the garden tractor is a luxury item. Household goods, he contends, should be narrowly construed to mean "those items necessary to the functioning of the household consistent with providing the debtor the fresh start contemplated by the overall bankruptcy philoso-

phy." *In re Ruppe*, 3 B.R. 60, 61, 5 B.C.D. 1404, 1405, 1 C.B.C.2d 479, 481 (Bkrtcy.D. Col.1980). Exemption statutes, however, are generally construed liberally in favor of the debtor. *See e.g., In re Coleman*, 5 B.R. 76, 78, 6 B.C.D. 669, 670, 2 C.B.C.2d 608, 610, (Bkrtcy.M.D.Tenn.1980). Items which are convenient or useful to the debtor or his family or that enable them to live in a comfortable and convenient manner may be included within the definition of "household goods." *See id.*, 5 B.R. at 78–79, 6 B.C.D. at 670–71, 2 C.B.C.2d at 611–12. Had the Legislature intended to limit the scope of exempt household goods to those absolutely essential to a "fresh start" it could easily have done so. But the legislative history of Me.Rev.Stat.Ann. tit. 14, § 4422(3) and of 11 U.S.C. § 522(d)(3) (upon which the Maine statute is based) do not reveal such an intention. The trustee's objection to the debtor's claimed exemption in the garden tractor is denied.

---

**4.** The need for a four-wheel drive vehicle in winter would seem to be common to all employees in the Caribou area who must travel to work.

**5.** Section 4422(3) tracks 11 U.S.C. § 522(3). Cases interpreting the latter will be useful in construing the former. *See* note 3, *supra.*

**6.** *See* note 2, *supra.*