In re Garry Wayne WHITNEY and Norva Jane Whitney, a/k/a Norva Jane Griffin, Debtors.

Garry Wayne WHITNEY and Norva Jane Whitney, a/k/a Norva Jane Griffin, Applicants,

v.

BENEFICIAL COLORADO, INC., Respondent.

Bankruptcy No. 86 B 08073 J.

United States Bankruptcy Court, D. Colorado.

Feb. 23, 1987.

George T. Carlson, Littleton, Colo., for the debtors.

**444**

Cynthia T. Kennedy, Frascona, McClow and Joiner, Boulder, Colo., for Beneficial Colorado, Inc.

## ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Debtors' Motion to Void Lien under 11 U.S.C. § 522(f) and the Objection thereto by Beneficial Colorado, Inc.

Admissions by the parties have left only one issue for determination, i.e., is a stereo system (speakers, tuner, tape decks and equalizer) or a 35 mm camera with telephoto lens, tripod and flash, property which can be claimed as exempt under § 13–54–102(1)(e), C.R.S.

■ The camera and related equipment are not subject to exemption as "household goods" as defined in § 13–54–101(4), C.R.S. In interpreting § 13–54–101(5), C.R.S., the predecessor to § 13–54–101(4), former Judge Keller of this District held that cameras and projectors were not household goods. This Court sees no reason to change that ruling. *In re Ruppe*, 3 B.R. 60 (Bankr.Colo.1980).

The stereo system is an issue of first impression. In the *Ruppe* case, no argument was made on this issue and apparently both parties agreed that an AM/FM radio, a turntable, and an 8–track tape recorder were "household goods".

■ Section 13–54–101(4) lists, by way of illustration, certain specific items that are "household goods". That list includes television sets and radio sets. This Court can see no significant difference in TV and radio sets and the stereo system under consideration here. It is, therefore,

ORDERED that the Debtors' Motion to Void Lien is granted as to the stereo system and denied as to the camera and related equipment.