In re Bryan Keith COURTNEY, Debtor.

Bankruptcy No. 88–50997–C.

United States Bankruptcy Court, W.D. Texas, San Antonio Division.

July 26, 1988.

Martin W. Seidler of Law Offices of Martin W. Seidler, San Antonio, Tex., for debtor.

William P. Weaver, San Antonio, Tex., for ITT Financial Services.

## MEMORANDUM OPINION ON DEBTOR'S AMENDED MOTION TO AVOID NON–JUDICIAL LIEN

R. GLEN AYERS, Jr., Chief Judge.

On the 13th day of July, 1988, the Court held a hearing on the Debtor's Amended Motion to Avoid Non–Judicial Lien of ITT Financial Services. The Debtor and ITT appeared through counsel. After considering the arguments and evidence presented the Court is of the opinion that the motion is well-taken and should be granted.

The Debtor claimed the federal exemptions under 11 U.S.C. 522(d). The Debtor sought to avoid the lien of ITT under section 522(f) in certain goods, including three guns, a bow and arrows, two cameras, a set of golf clubs and a bicycle, claiming these as "household goods." ITT asserted that the goods were not household goods and section 522(f) could not be used to avoid its lien.

■ Neither the statute nor the legislative history defines the terms "household-furnishings" or "household goods." There are two lines of cases that have dealt with "household goods" under section 522(f). The seminal cases are In re Coleman, 5 B.R. 76 (Bankr.M.D.Tenn.1980) (exemptions are liberally construed) and In re Ruppe, 3 B.R. 60 (Bankr.D.Colo.1980) (narrow construction). After reviewing the case law, this Court rejects the Ruppe analysis and adopts the Coleman analysis. The Court notes that Colorado has "opted out" of the federal exemptions. 7 Collier on Bankruptcy 93 (15th ed. 1988). The Ruppe court, sitting in Colorado, looked to the Colorado statute for a definition of household goods, and it may be correct as to Colorado law.

However, where the Debtor has the federal exemptions available, and the federal exemptions are chosen, this Court is persuaded that Ruppe should not be followed and that Coleman states the appropriate rule. The Coleman court notes that state exemption statutes are generally liberally construed. "A review of the legislative history of 11 U.S.C. 522 ... reveals no intention on the part of Congress to depart from the well-accepted general approach to construing exemption statutes liberally in favor of debtors." 5 B.R. at 79. The only circuit opinion that cites either of the cases, Matter of Smith, 640 F.2d 888 (7th Cir. 1981), cites Coleman for the proposition that exemptions are liberally construed, but otherwise is not on point.

■ The most complete definition states that—

"household goods and furnishings includes any personal property which is normally used by and found in the residence of a debtor and his dependents or at or upon the curtilage of said residence. This definition also includes personal property that enables the debtor and his dependents to live in a usual convenient and comfortable manner or that has entertainment or recreational value and even though it is used away from the residence or its curtilage."

In re Bandy, 62 B.R. 437, 439 (Bankr.E.D. Cal.1986); see also In re Langley, 21 B.R. 772 (Bankr.D.Maine 1982); Matter of Beard, 5 B.R. 429 (Bankr.S.D.Iowa 1980). This Court adopts this definition. The Court finds that the items in dispute are covered within the definition of household goods. Accordingly, the debtor's motion to avoid lien will be granted. A separate order will be entered.