In re Larry Darell REID, Sr., SS# 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, and Tenesa De-Lynn Reid, SS# 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, Debtors.

Larry Darell REID, Sr. and Tenesa De-Lynn Reid, Movants,

v.

ITT FINANCIAL SERVICES, Respondent.

Bankruptcy No. 7-90-02391 M R.

United States Bankruptcy Court, D. New Mexico.

Nov. 16, 1990.

Hal Greig, Van Soelen, Greig, Gutierriz & Richards, Clovis, N.M., for debtors.

Rose M.R. Little, Albuquerque, N.M., for ITT Financial Services.

MEMORANDUM OPINION

MARK B. McFEELEY, Chief Judge.

This matter came before the Court on the debtor's motion to avoid the lien of ITT Financial Services on certain items. At issue is whether the items fall within 11 U.S.C. § 522(f)(2)(A) which provides for avoidance of a lien on household goods, household furnishings, and jewelry. Having considered the briefs, applicable case law, and being otherwise fully informed and advised, the Court finds that the items involved are household goods, furnishings or jewelry under § 522(f)(2)(A) and the liens will be avoided.

FACTS

The debtors filed a chapter 7 petition on August 3, 1990. As of the date of filing, ITT Financial Services (ITT) held a lien on certain items which were listed as nonpurchase money security on the Disclosure Statement, Note and Security Agreement. Debtor's Exh. A. The items are:

3 telephones,
girl's weight set,
TV,
video camera,
VCR,
gold chain,
lawn mower,

TRS computer and disc software, answering machine.

The debtors seek to avoid the security interest of ITT on these items pursuant to 11 U.S.C. § 522(f)(2)(A) [1]. The debtors allege that the items are all household furnishings, household goods, or jewelry, and are held for the household use of the debtor or family members. ITT agrees that the girl's weight set, the lawn mower, the answering machine, and one telephone are household goods and that its lien may be avoided as to these items. As to the remaining items, ITT disputes that they are household goods subject to lien avoidance. The parties agree that there are no issues of material fact and have asked the Court to determine whether the lien can be avoided on the basis of these stipulated facts and the parties' briefs.

## DISCUSSION

█ To determine whether a lien on a particular item may be avoided, it is first necessary to determine whether the item is exempt. Unless a state has "opted out" of the federal exemption scheme, a debtor may choose to claim either state or federal exemptions. 11 U.S.C. § 522(b). Once the choice is made, § 522(f)(2)(A) comes into play and liens on items enumerated in that subsection may be avoided to the extent allowed under the exemption statute. 11 U.S.C. § 522(f). Although state law (if the state exemption statute is chosen) controls what is exempt, federal law determines the availability of the lien avoidance provision. *Aetna Finance Co. v. Leonard,* 866 F.2d 335, 336 (10th Cir.1989). For example, a state exemption statute may include a motor vehicle but § 522(f)(2)(A) does not include motor vehicles. Thus, a lien on a motor vehicle may not be avoided. *In re Martinez,* 22 B.R. 7 (Bankr.N.M.1982). A lien on an item listed as exempt in the state

exemption statute may be avoided provided it is among the items listed in § 522(f)(2).

Exemption statutes may state specific dollar amount limits on categories of exempt items, e.g., jewelry up to $2,500. N.M.S.A.1978 § 42–10–2 (1990 Supp.). With such a statute, a lien may be avoided to the extent that the items are exempt under applicable law, so that a lien on jewelry which has a value over $2,500 may only be avoided as to $2,500 in value. The New Mexico exemption statute provides:

> Personal property other than money in the amount of five hundred dollars ($500), tools of the trade in the amount of fifteen hundred dollars ($1,500), one motor vehicle in the amount of four thousand dollars ($4,000), jewelry in the amount of twenty-five hundred dollars ($2,500), clothing, furniture, books, medical-health equipment ... is exempt from receivers or trustees in bankruptcy or other insolvency proceedings.... Property exempted shall be valued at the market value of used chattels.

N.M.S.A.1978 § 42–10–2 (1990 Supp.). The Reids chose the New Mexico exemption statute. The statute does not set a dollar limit on furniture and therefore, a lien on furniture may be avoided regardless of amount provided that the furniture falls within § 522(f)(2). The debtors' schedules list as exempt the items at issue here under household goods and wearing apparel. There was no value stated for the gold chain alone. Schedule B–4. The Disclosure Statement, Note and Security Agreement lists the value of the chain at $500. There were no objections to the debtors' exemptions.

The legislative history of § 522 is helpful in determining Congress' intent as to just what constitutes "household goods." It states:

> (2) a nonpossessory, nonpurchase-money security interest in any—
> (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

---

**1.** 11 U.S.C. § 522(f)(2)(A) provides:
(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

In construing § 522(d)(2) and § 522(f)(2)(A) the court must also consider the background leading to the enactment of those sections and the purposes thereof. Prior to the enactment of the 1978 Bankruptcy Code consumers [sic] lenders would take a nonpossessory, non-purchase money security interest in household goods, furnishings and appliances essential to the Debtor's ability to maintain his household. The inherent value of most of such collateral was quite often of little importance, for as a practical matter not much more than "garage sale" prices could be obtained for such used chattels on liquidation by the secured party. Nevertheless, the cost and inconvenience of replacement by the Debtor could be considerable to the Debtor, if in fact the secured party were to repossess or foreclose. Accordingly, when the Debtor filed a bankruptcy petition the secured party often used the threat of repossession, rarely carried out, to extract more than he would be able to get if he did a foreclosure or repossession. Section 522(f)(2)(A) was enacted to prevent such a secured creditor from exerting undue financial pressure based on chattels that had limited intrinsic value, but were essential to the Debtor.

*In re Vale,* 110 B.R. 396, 404 (Bankr.N.D. Ind.1989) (citations omitted). Congress was concerned about "the threat of repossession of household goods of little resale value and generally high replacement costs used by creditors to coerce payment on their consumer loans." *In re Eveland,* 87 B.R. 117, 120 (Bankr.E.D.Cal.1988). Although providing no guidance on specific items, there is a strong Congressional policy favoring the avoidance of nonpurchase-money security interests in household goods, furnishings and appliances essential to maintain the debtor's household. H.Rep. No. 595, 95th Cong., 1st Sess. 126–27 (1977), *reprinted in* U.S.Code & Admin. News 1978, p. 5787. Thus, the courts are left to determine what specific items are essential to the debtor's "fresh start."

Courts have used various tests in their determination of what constitutes "household goods" for the purposes of lien avoidance. In *In re Lucas,* 77 B.R. 242 (9th Cir.B.A.P.1987), the court stated that the courts should examine the standard of living for each debtor to determine if the household goods in question were necessary or simply a luxury. This Court does not believe that such an inquiry is necessary. If a determination of what constitutes household goods are to be determined by the debtor's standard of living, there will be a different standard for each debtor coming before the court. Such an examination is not only unfair but is also an inefficient use of judicial resources.

Creditors have urged courts to adopt the restrictive Federal Trade Commission (FTC) definition of household goods. FTC states that it is an unfair trade practice for a creditor to take a nonpossessory, non-purchase money security interest in household goods. The FTC definition of household goods states:

Household goods. Clothing, furniture, appliances, one radio and one television, linens, china crockery, kitchenware, and personal effects (including wedding rings) of the consumer and his or her dependents, provided that the following are not included within the scope of the term "household goods": (1) Works of art; (2) Electronic entertainment equipment (except one television and one radio); (3) items acquired as antiques; and (4) jewelry (except wedding rings).

16 C.F.R. § 444.1(i). Although the purpose of the FTC ruling and § 522(f)(2)(A) may be the same, that of limiting creditors' reach into households, courts have rejected adopting the FTC definition of household goods because it is too restrictive. *See, e.g., In re Barrick,* 95 B.R. 310, 312 (Bankr.M.D.Pa. 1989); *In Matter of Smith,* 57 B.R. 330, 331 (Bankr.N.D.Ga.1986).

For the most part, courts have wound their way through the household goods maze on a case-by-case basis and thus it is difficult to find any discernible standard in the case law. In the case at bar, although acknowledging that court decisions on these issues are changing towards a more liberal interpretation, ITT urges a strict interpretation of household goods, citing *In*

*re Ruppe*, 3 B.R. 60 (Bankr.Colo.1980), *In re Boozer*, 4 B.R. 524 (Bankr.N.D.Ga.1980), and this Court's decisions in *In re McPherson*, 18 B.R. 240 (Bankr.N.M.1982) and *In re Martinez*, 22 B.R. 7 (Bankr.N.M.1982). This Court and other courts agree that a strict interpretation of what constitutes household goods is necessary when deciding whether to avoid liens on items that appear to be outside the ambit of § 522(f)(2)(A), such as motor vehicles and firearms. *In re Stroman*, 78 B.R. 785 (Bankr.S.C.1987) (magnum pistol and semi-automatic gun); *In re Weaver*, 78 B.R. 135 (Bankr.N.D.Tex.1987) (firearms and mini-bikes); *In re Yokley*, 42 B.R. 574 (Bankr.N.D.Ala.1984) (motor vehicle); *In re Wright*, 34 B.R. 643 (Bankr.W.D.Ky.1983) (motor vehicle); *In re Martinez*, 22 B.R. 7 (Bankr.N.M.1982) (motor vehicle); *In re McPherson*, 18 B.R. 240 (Bankr.N.M.1982) (firearm). However, when deciding whether to avoid liens on items that may or may not be household goods, the statute should be liberally construed in favor of the debtor. *In re Barker*, 768 F.2d 191 (7th Cir.1985); *In re Courtney*, 89 B.R. 15 (Bankr.W.D.Tx.1988).

With the passage of time, courts are finding that more and more items fall within § 522(f)(2)(A). "In our complex society, items that were once regarded as luxuries in past years, particularly home entertainment items such as televisions and stereo systems, are now commonplace and are viewed as necessities to the well-being of the family unit." *In re Caruthers*, 87 B.R. 723, 728 (Bankr.N.D.Ga.1988). As a result, the list of items considered to be household goods has taken on a more liberal character. In a 1980 case, *In re Ruppe*, the court did not avoid a lien on a movie camera and two movie projectors, finding that they were not necessary to the functioning of a household and that they were, in fact, recreational items. 3 B.R. 60 (Bankr.Colo. 1980). Since *Ruppe*, many courts have held that liens on recreational and entertainment items may be avoided. One court has stated that a judicial construction of household goods that only included items indispensable to bare existence would be too restrictive. "Items which, while not being luxuries, are convenient or useful to a reasonable existence must also be included." *In re Boyer*, 63 B.R. 153, 159 (Bankr. E.D.Mo.1986) (liens avoided on lawn mower, two gold chains, gold earrings, diamond earrings, gold diamond ring, camera, clock/radio telephones, TV and stereo system).

In *In re Vaughn*, a lien on a computer which was attached to a television was avoided. 64 B.R. 213 (Bankr.S.D.Ind.1986). ITT attempts to distinguish *Vaughn* on the basis that the computer was attached to the TV, thereby making it part of the TV. In *Vaughn*, the computer was attached to the TV so that the children of the household could play computer games. Thus, the computer was used primarily for recreation and entertainment.

In *In re Courtney*, 89 B.R. 15 (Bankr.W.D.Tex.1988), the court avoided liens on a camera, bow and arrows, golf clubs and a bicycle. The court adopted the definition of household goods which states that:

household goods and furnishings includes any personal property which is normally used by and found in the residence of a debtor and his dependents or at or upon the curtilage of said residence. This definition includes personal property that enables the debtor and dependents to live in usual convenient and comfortable manner or that has entertainment or recreational value even though it is used away from the residence or its curtilage.

*Id.*, 89 B.R. at 16.

Adopting similar language to define the parameters of what constitutes household goods, the court in *In re Griffiths*, 86 B.R. 639 (Bankr.W.D.Wash.1988), avoided liens on golf clubs, a pingpong table, fishing rod and reels, a picnic table, drills, saw, telephone, answering machine, sewing machine, and a camera.

Therefore, this Court concludes that "household goods" should include what a person might expect to find in today's average household. Televisions, VCRs, video cameras, telephones, home computers, and software would then fall within this defini-

tion of household goods for the purpose of lien avoidance. ITT's lien will be avoided as to those items and since the gold chain is jewelry which is clearly listed in § 522(f)(2)(A), the lien on that may avoided as well.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052. An appropriate order shall enter.

### ORDER

This matter came before the Court on the debtor's motion to avoid the liens of ITT Financial Services. For reasons stated in the memorandum opinion entered in connection herewith,

IT IS ORDERED that the debtor's motion to avoid the liens of ITT Financial Services on certain household goods of the debtors is granted.