In re Samantha Y. **LARSON**, Debtor.

Bankruptcy No. BK–96–13003–LN.

United States Bankruptcy Court,
W.D. Oklahoma.

Dec. 9, 1996.

Lisa K. Erickson, Pappas & Rose, P.C., Oklahoma City, OK, for Debtor.

Randy L. Goodman, Midwest City, OK, for Beneficial Oklahoma.

### ORDER ON DEBTOR'S MOTION TO AVOID NON–PURCHASE MONEY SECURITY INTEREST

PAUL B. LINDSEY, Bankruptcy Judge.

#### BACKGROUND

Debtor instituted this case by filing, on April 24, 1996, her voluntary petition for relief under Chapter 13 of the Bankruptcy Code.[1] Beneficial Oklahoma ("Beneficial") filed its objection to debtor's proposed Chapter 13 plan, because it did not classify a debt of debtor to Beneficial as secured, and a motion seeking to determine the value of the items of personal property in which it was claiming a security interest. Debtor did not respond to Beneficial's motion, as she had by that time converted her case to a case under Chapter 7 of the Bankruptcy Code. The court in due course entered its order on Beneficial's motion, in which it determined the value of a second video cassette recorder ("VCR"), certain Nautilus fitness equipment, bicycles, and a Tandy home computer.[2]

On August 20, 1996, debtor filed her Motion to Avoid Non–Purchase Money Security Interest. In that motion, debtor seeks to avoid Beneficial's security interest only as to the home computer. A hearing was held before the court, and the parties were directed to submit briefs in support of their respective positions. Both parties complied, and the matter is now ripe for decision.

In debtor's brief, she states that her motion was filed "for the purpose of challenging the current case law in this district which specifically indicates that a personal computer is not a necessary household good that can be exempt." *Brief in Support of Debtor's Motion* filed October 31, 1996.

### THIS COURT'S PREVIOUS DECISION

The reference in debtor's brief is to the November 22, 1991 decision of this court in *In re Davis*, 134 B.R. 34 (Bankr.W.D.Okla. 1991). In *Davis*, debtors sought to avoid a creditor's nonpossessory, nonpurchase money security interest under § 522(f)(1).[3] In determining the issue, this court was called

---

1. References herein to statutory provisions by section number only will be to provisions of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq., unless the context requires otherwise.

2. In the order, the property is valued, in the aggregate, at $2,400. No determination is made as to the value of the individual items.

3. Section 522(f)(1), in material part, provides: "Notwithstanding any waiver of exemptions ... the debtor may avoid the fixing of a lien on any interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled to under subsection (b) of this section if such lien is— ... (B) a nonpossessory, nonpurchase money security interest in any—(i) household furnishings, house-

upon to determine whether and to what extent certain personal property of debtors was exempt under Oklahoma law.[4]

Among the several items of personal property involved in *Davis* was a personal computer. In its opinion, this court examined then existing state and federal authorities, from within and without the State of Oklahoma, bearing upon the lien avoidance provision of the Bankruptcy Code and the exemptive language of the applicable Oklahoma statute. This court noted that even if property fell within the language of §§ 522(b)(1), (d) and (f)(1), lien avoidance was available only if the property was also entitled to exemption under Oklahoma law, since Oklahoma had opted out of the federal exemption scheme. *Davis*, 134 B.R. at 39. This court also pointed out that the parties before it had simply adopted polar positions on the issues, and had provided the court with no evidence whatever with regard to the specific property which was subject to the lien sought to be avoided. *Davis*, 134 B.R. at 40.

In *Davis*, this court declined to follow those courts which had held, or suggested, that property must be a "necessity of life" in order to be exempt. Instead, it adopted the interpretation which "judicially engraft[ed] upon the bare language of the exemptive provision the limitation that the property sought to be exempted must be found to be 'reasonably necessary' for the maintenance of the debtor's home." *Davis*, 134 B.R. at 38.

Similarly, this court declined to follow those courts which had adopted a strict, literal, dictionary definition interpretation of the term "furniture." Instead, it followed the Oklahoma Supreme Court, which noted that in a prior case it had used the words "furniture" and "furnishings" interchangeably, and that while that was not the best English, "certainly in our jurisdiction these words are synonymous." *Swisher v. Clark*, 202 Okla. 25, 209 P.2d 880 (1949) (Referring to *Commercial Casualty Insurance Co., of Newark,*

*New Jersey v. Adkisson,* 152 Okla. 216, 4 P.2d 50.) *See also In re Fisher,* 11 B.R. 666, 668 (Bankr.W.D.Okla.1981) (citing and quoting from *Swisher* and finding that while air conditioners, a vacuum cleaner, a television set and a stereo may not be considered "furniture" in the strictest sense, the court had no doubt that they were household "furnishings.")

In *Davis,* this court found that, "in the absence of evidence to the contrary as to particular items [or] uses," a stereo, a camera, a bicycle, video games, the home computer and a table saw, as well as a second television set, a second lawn mower, a "wee-deater," and a rototiller, had not been shown to be and "are not, individually or collectively, reasonably necessary for the maintenance of a household," *Davis,* 134 B.R. at 40.

## DEBTOR'S ARGUMENTS

In this case, debtor seeks to avoid Beneficial's lien only as to her home computer. Referring to this court's *Davis* decision, debtor urges that what is reasonably necessary for the maintenance of a household changes as society grows and becomes more technologically advanced, and asks that this court reconsider its decision with regard to the home computer. Debtor asserts that while she was not when she filed her petition, and is not now, attending college, she contemplates returning to college in 1997. She states that her computer is used to write papers and complete assignments for school, when she is in school, to update her résumé and to store and keep track of various personal and financial information. Finally, she states that she uses the computer for entertainment by playing computer games.

In support of her argument, debtor cites various computer periodicals to show the rapid recent growth of the home computer industry and the substantial increase in the number of homes in which a home computer may be found.

---

4. The exemption claimed was that provided for by Okla.Stat. tit. 31, § 1.A.3. (West Supp.1990), which covers "[a]ll household and kitchen furniture held primarily for the personal, family or household use of [a person residing in the State of Oklahoma] or a dependent of such person."

hold goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor...."

Debtor cites *In re Reid,* 121 B.R. 875 (Bankr.D.N.M.1990), in which the court was asked to define "household goods" as that term is employed in the federal exemptions set out in § 522(d). In *Reid,* the court cited with approval the statement of the court in *In re Boyer,* 63 B.R. 153, 159, that a judicial construction of "household goods" that only included items indispensable to bare existence would be too restrictive, and that items which, while not being luxuries, are convenient or useful to a reasonable existence must also be included. The *Reid* court concluded that "household goods" under § 522(f) should include what a person might expect to find in the average household, and that a home computer, *inter alia,* would fall within the definition. *Reid,* 121 B.R. at 878–879.

Debtor also cites *In re Vaughn,* 64 B.R. 213 (Bankr.S.D.Ind.1986). In that case, it was conceded that the subject personal property was exempt under Indiana law, and the only question was whether it qualified for lien avoidance under § 522(f). The property included an Atari computer which was attached to debtors' television set and was used to play video games. The court reviewed certain authorities and concluded that the appropriate definition of "household goods" was that it included any personal property normally used by debtors or their dependents in or about their residence. *Vaughn,* 64 B.R. at 215 (citing *In re Coleman,* 5 B.R. 76 (Bankr.M.D.Tenn.1980)). The court held that all of the items in question would normally be used by debtors or their dependents in or about their residence and that they therefore all qualified as "household goods" under § 522(f).

### BENEFICIAL'S ARGUMENTS

Beneficial urges that the Oklahoma legislature, in enacting the exemption provisions in question here, did not intend to include items devoted to entertainment or, with the exception of the reference to "books" in Okla.Stat. tit. 31, § 1.A.7, to education. Thus, Beneficial contends that a home computer, or for that matter, a television set or VCR, should be found not to be exempt as household or kitchen furniture held for personal, family or household use, and therefore not subject to lien avoidance under § 522(f).

Debtor did not claim her home computer as exempt property in her schedules. Beneficial urges that as a result she has waived any right to claim that it is exempt for purposes of lien avoidance. Beneficial does not address the implications of the language of § 522(f)(1), which begins with the words "[n]otwithstanding any waiver of exemptions ...." This court is of the view that Beneficial's contention in this regard is without merit.

Beneficial asserts that debtor's obligation and pledge of collateral to Beneficial is a contractual obligation, and appears to urge that it must be enforced in bankruptcy, since "[t]here is a constitutional prohibition against the impairment of contract obligations." This reference is made with no citation of judicial authority whatever. Particularly since contractual obligations to pay debts are frequently altered, impaired or entirely vitiated, this court finds this unsupported assertion also to be without merit.

Finally, Beneficial appears to contend that a decision in debtor's favor in this case would all but destroy the free flow of goods and services in this country's commerce, and that a decision against debtor would, all by itself, curtail the current upward trend of bankruptcy filings. Beneficial therefore urges the court to allow its *Davis* holding with regard to home computers to stand. Beneficial further suggests that the court "further restrict the ruling to exclude items of entertainment, thereby allowing a television and VCR to be deemed non-exempt, or in the alternative, certify the question pursuant to the Oklahoma Uniform Certification of Questions of Law Act...." *Brief in Objection to Debtor's Motion,* at (unnumbered) 5.

### DISCUSSION AND DECISION

Clearly, Beneficial would have this court depart from the position taken by it in *Davis,* and retreat to a position which it criticized and declined to adopt in that opinion. That position was that property could not be found to be exempt under the provision in question here unless it constituted a "necessity of life." That position was penal

and regressive in 1991, and is at least as unpalatable to this court at this time. Appropriate interpretation of provisions of the Bankruptcy Code should lie somewhere between making debtors totally comfortable and requiring them to sell apples on the street in order to survive.

Beneficial's arguments with regard to the effect of this court's decision on the commerce of the nation and on the current upward trend in bankruptcy filings are, to be as charitable as possible, disingenuous, and not worthy of further discussion. This court is convinced that whatever its decision in this case may be, goods and services will continue to flow unimpeded in the nation's commerce, and the number of bankruptcy filings will either increase or decrease, as always driven by forces far more powerful than the desires of individual debtors to avoid liens on items of their personal property.

■ This court is aware that in *In re Hall,* 169 B.R. 732 (Bankr.N.D.Okla.1994), a case cited by Beneficial, the court determined that the failure to claim property as exempt in a debtor's schedules precluded § 522(f) lien avoidance as to that property. It is noted, however, that *Hall* also criticized this court's *Davis* decision and adopted the strict, literal, and dictionary definition approach rejected by this court in *Davis.* This court is neither bound nor persuaded by *Hall,* and declines to follow it.

This court is of the view that its analysis and discussion of the issues in *Davis* was appropriate, and this court remains unconvinced by the authorities presented to it which are more or less restrictive, inappropriately and harshly literal, or unabashedly pro-debtor. In short, nothing presented here has convinced this court that a different approach than that applied in *Davis* should be applied in this case. That conclusion, however, does not dispose of the issue specifically before the court herein.

■ It must be noted that this court's rulings in *Davis* were addressed only to the particular items of property as to which lien avoidance was sought in that case. Those rulings should not be taken as blanket approval or disapproval of the exempt status of particular types of property. As an example, this court found the stereo in *Davis* not to be exempt. This holding in that case should not be taken as a determination that a stereo should never be found to be exempt. This court recognizes that a stereo is a very common, often reasonably inexpensive, item in most homes. In *Davis,* however, the stereo was valued by debtors themselves at $800, clearly a luxury item even at today's prices.

This court, in *Davis,* addressed the issues before it, keeping in mind the admonition of the court in *Fisher,* 11 B.R. at 669, that each case should be evaluated on its merits with regard to its own particular facts and circumstances to prevent abuses by either creditors or debtors. As is noted above, the parties in *Davis* provided the court with no evidence whatever as to any particular item of property, or as to its use.

In this case, debtor contends that her home computer should be found to be exempt as household furniture (or a furnishing), and asserts that it would be used to prepare papers and assignments for school, as well as for other purposes, including entertainment. Debtor concedes, however, that she is not presently in school, stating only that she "intend[s] to go back to school within the next 3 to 6 months." Affidavit of debtor dated October 31, 1996.

As is noted above, the only indication of the value of the home computer is the $2,400 aggregate value given to a group of properties in this court's unopposed order pursuant to Beneficial's motion for valuation. Those properties consisted of a second VCR, bicycles, Nautilus fitness equipment and the home computer. Based solely upon debtor's affidavit, the only indication in the record as to the uses to which it is put, this court concludes that the Tandy home computer owned by debtor is a reasonably sophisticated, and therefore a not inexpensive, piece of equipment. It is altogether possible, indeed probable, therefore, that this home computer has a value in excess of $1,000.

Debtor cites statistics showing significant increases in the number of homes which have home computers. She also cites projections of continued rapid growth in those numbers, and of the uses to which home computers

may be put, in the future. This court is well aware of the increasing number of home computers in use in the United States, and of the wide variety of tasks which are made easier with a home computer. It is also aware, however, that a home computer is a relatively expensive investment.

This court is of the view that a home computer occupies approximately the same relative position in the American home in 1996 as did the television set in the mid–1950's. This court could not have found a television set to be "reasonably necessary" for the maintenance of a home in the mid–1950's. Neither can it find a home computer to be "reasonably necessary" for the maintenance of a home today. Over the years, the presence of a television set became virtually universal, and its use as the family's primary source of information and entertainment transformed it from a relatively expensive curiosity to a virtual necessity which can be purchased for relatively little. Such may well be the course taken by the home computer in future years. It has not reached the point at this time, however, to warrant being found to be "reasonably necessary" for the maintenance of the home, even the home of an individual who contemplates returning to school, where the home computer would be helpful in completing assignments and the like.

Based upon the foregoing, debtor's motion to avoid the lien of Beneficial in her home computer will be denied.

IT IS SO ORDERED.