**In re Paul and Elizabeth SCHREIBER, Debtors.**

**Bankruptcy No. 98–21530.**

United States Bankruptcy Court, D. Maine.

March 16, 1999.

Michael Pearce, And Paula M. Craighead, Beagle, Pearce & Ridge, Portland, ME, for debtors.

John C. Turner, Auburn, ME, for trustee.

*Memorandum of Decision*

JAMES A. GOODMAN, Bankruptcy Judge.

The debtors, Paul and Elizabeth Schreiber, claim an exemption in a 1997 Viking pop-up camper pursuant to 14 M.R.S.A. § 4422(16). The parties agreed that this matter would be submitted on the pleadings after oral argument. Upon consideration of the objection by the trustee, the debtors' response, the representations of the parties and the arguments of counsel, the Court concludes that the pop-up camper is not a household good and is not exempt property.

### FACTS

The debtors scheduled a 1997 Viking pop-up camper as exempt property on Schedule C. The debtors' residence is valued at $122,400 with a mortgage of $107,783. They have equity of approximately $14,617 and an unused residence exemption of $10,383. The debtors argue that the camper is an exempt "household good" under 14 M.R.S.A. § 4422(3) and that they are entitled to apply their unused residence exemption pursuant to 14 M.R.S.A. § 4422(16) to the camper as a "household good."

### DISCUSSION

14 M.R.S.A. § 4422(16) provides, in relevant part, as follows:

The following property is exempt from attachment and execution . . .

(16) Unused residence exemption. The debtor's interest, equal to any unused amount of the exemption provided under subsection 1 but not exceeding $6,000, in

any property exempt under subsections 3 and 5 and subsection 14, paragraph D. The debtors rely only on subsection 3 and argue that the pop-up camper qualifies as exempt "household goods." Subsection 3 provides as follows:

"Clothing; furniture; appliances; and similar items. The debtor's interest not to exceed $200 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops or musical instruments, that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor."

Exemption statutes are construed liberally in favor of the debtor. *In re Langley,* 21 B.R. 772, 774 (Bankr.D.Me.1982). Several courts have strictly limited exemptions to those items necessary to a debtor's fresh start. *See In re McGreevy,* 955 F.2d 957, 959 (4th Cir.1992) (citing cases). Other courts have adopted a more liberal definition of the scope of exempt "household goods." *See In re Wheeler,* 140 B.R. 445, 446 (Bankr.N.D.Ohio 1992) (property must be "reasonably necessary for the day to day existence of people in the context of their homes"); *In re Reid,* 97 B.R. 472, 478 (Bankr.N.D.Ind.1988) (property used by and found in the dwelling and may include property having recreation or entertainment value but not property characterized as luxurious).

 This court has long since rejected the strict standard that requires the item to be necessary for a fresh start. "Had the Legislature intended to limit the scope of exempt household goods to those absolutely essential to a 'fresh start' it could easily have done so. But the Legislative history of Me. Rev.Stat.Ann. tit. 14, § 4422(3) and of 11 U.S.C. § 522(d)(3) (upon which the Maine statute is based) do not reveal such an intention." *Langley,* 21 B.R. at 774. The scope of exempt household goods may include "items which are convenient or useful to the debtor or his family or that enable them to live in a comfortable and convenient manner." *Langley,* 21 B.R. at 774. To further aid in the determination of which items of property qualify as exempt household goods, the court adopts an analysis similar to that

utilized by the Fourth Circuit in *In re McGreevy,* 955 F.2d 957 (4th Cir.1992). In the case *In re McGreevy,* 955 F.2d at 961, the court adopted a definition of household goods that "incorporates a requirement of a functional nexus between the good and the household." The functional nexus exists "where—and only where—the good is used to support and facilitate daily life within the house. It is the household good's use *for these purposes* that distinguishes it from a good that is merely located within the house. Pots and pans are household goods *because* they are used to support and facilitate daily household living; a model car collection, by contrast, is not a household good because it serves no such purpose." *Id.* The definition of "household goods will necessarily depend in whole or in part on the cultural environment of the debtor or the geographic location of the debtor's household." *In re McGreevy,* 955 F.2d at 962.

Exempt household goods may include items which are convenient or useful to the debtor or his family or that enable them to live in a comfortable and convenient manner, and which items have a functional nexus to the daily use, maintenance or upkeep of the debtor's household. Although permitting the debtors to exempt the pop-up camper may arguably make their lives more comfortable or convenient, unlike the tractor that was at issue in *Langley,* the court is unable to find any functional nexus between the pop-up camper and the daily use, maintenance or upkeep of the debtors' household. There is no evidence that the pop-up camper supports and facilitates daily life within the debtors' house.

For these reasons, the trustee's objection is sustained.