In re Robert T. RAINES and, Gwen M. Raines, Debtors.

FIRST FAMILY FINANCIAL SERVICES, INC., Appellant,

v.

Robert T. RAINES and Gwen M. Raines, Appellees.

Civ. A. No. 3:94–CV–15–JTC.

Bankruptcy No. N93–11869.

United States District Court, N.D. Georgia, Newnan Division.

July 1, 1994.

Sarah Anne Wyeth, Tomlinson & Hasty, Stone Mountain, GA, for appellant.

Theo Davis Mann, Mann & Wooldridge, Newnan, GA, for appellees.

## ORDER OF THE COURT

CAMP, District Judge.

This matter is before the Court on a lienholder's appeal from a final order entered by the Bankruptcy Court on December 8, 1993. 161 B.R. 548. For the following reasons, the Court **AFFIRMS** the Bankruptcy Court's decision permitting the Debtors to avoid Appellant's perfected lien on certain personal property.

Pursuant to 28 U.S.C. § 158(a), a district court has jurisdiction to hear appeals from final orders of the bankruptcy court. A district court reviews the bankruptcy court's findings of fact under the "clearly erroneous" standard. *See Nordberg v. Arab Banking Corp. (In re Chase & Sanborn),* 904 F.2d 588, 593 (11th Cir.1990). A finding of fact is clearly erroneous "if the record lacks substantial evidence to support it." *Thelma C. Raley, Inc. v. Kleppe,* 867 F.2d 1326, 1328 (11th Cir.1989). The district court reviews conclusions of law de novo. *See Nordberg,* 904 F.2d at 593.

In April, 1993, Debtors entered into a loan agreement with Appellant to borrow $1,836. First Family properly perfected a security interest in certain items of personal property to secure the obligation. After making three payments on the loan, the Raines filed for Chapter 13 bankruptcy protection. Debtors subsequently filed a motion to avoid Appellant's lien on various items of personal property, including a handgun. The court below determined that Debtors' handgun qualified

as a "household good" subject to the exemption provisions of § 522(f).

■ The narrow issue submitted for appeal is whether the bankruptcy court adopted a definition of "household goods" that comports with 11 U.S.C. § 522(f) and, if so, whether a handgun falls within the exemption provided by § 522(f)(2)(A).

In a lengthy and well-crafted brief, Appellant argues that the legislative history behind the exemption provisions suggests a two-pronged definition of "household goods"— goods typically used in the home *and* necessary to a debtor's fresh start. In addition, Appellant points out that a minority of courts hold that the fresh start requirement is not essential to lien avoidance. The bankruptcy court, however, adopted the Fourth Circuit's definition requiring only a "functional nexus" between the good and the household. *See In re McGreevy,* 955 F.2d 957, 961–62 (4th Cir. 1992). Judge Drake expressly rejected the fresh start requirement as too restrictive.

Having reviewed the leading cases cited by the Appellant and by the court below, this Court finds that Judge Drake's reasoning is sound and his conclusion correct. The Court affirms the bankruptcy court's adoption of the *McGreevy* definition of "household goods" as "those items of personal property that are typically found in or around the home and used by the debtor or his dependents to support and facilitate day-to-day living within the home, including mainte-

nance and upkeep of the home itself." *Id.* In doing so, the Court specifically notes that this definition is substantially similar to the one offered in *In re Caruthers,* 87 B.R. 723, 728 (Bankr.N.D.Ga.1988).[1]

■ Appellant poses a second issue concerning whether guns are household goods within the meaning of § 522(f)(2)(a). Applying the definition adopted above, guns are household goods when there is a relationship between the gun and living in the household. Thus, this Court disagrees with those courts holding that firearms can never constitute household goods. *See, e.g., In re McGreevy,* 955 F.2d at 962 n. 12; *cf. In re Gonshorowski,* 110 B.R. 51 (Bankr.N.D.Ala.1990) (pistol held to be household good subject to lien avoidance provision). The bankruptcy court found on the facts of this case that Debtors' handgun protects the home and facilitates daily household living. On the record presented, the Court concludes that such a finding is not clearly erroneous.

Accordingly, the bankruptcy court's decision is **AFFIRMED.**

**SO ORDERED.**

1. The *McGreevy* court rejected *Caruthers'* phrasing because it failed to fully capture "the functional nexus between the good and the household that distinguishes a household good from a good that happens (even typically so) to be used in the house." *In re McGreevy,* 955 F.2d at 961. Judge Drake's order clarifies the need for a relationship between the good and the household.