**In re Timothy Charles RATLIFF, Barbara Lynn Richardson Ratliff, Debtors.**

**Bankruptcy No. 96–72606.**

United States Bankruptcy Court, E.D. Oklahoma.

June 3, 1997.

Betty O. Williams, Muskogee, OK, for Debtors.

Slaton Anthony, Muskogee, OK, for Blazer Financial Services.

### ORDER

TOM R. CORNISH, Bankruptcy Judge.

On the 15th day of May, 1997, the Motion to Avoid Lien with Blazer Financial Services

and Objection by Blazer Financial Services came on for hearing. Counsel appearing were Betty Williams for the Debtors and Slaton Anthony for Blazer Financial Services ("Blazer").

After hearing evidence presented, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R. Bankr.P., in this core proceeding:

■ Blazer has objected to the Debtors' exemption in a computer and printer. The computer was purchased in 1991 and is a 486 computer. The computer is used by the Debtors and their children, ages 21, 10 and 2. Mr. Ratliff is employed with OG & E as a coordinator and works in Oklahoma City; however, he lives in Muskogee. The Debtors' twenty-one year old daughter is a student at Connors State College in Muskogee. She uses the computer for homework and papers. Mrs. Ratliff is a full-time student at Northeastern State University. She also uses the computer for homework and projects. The Debtors' ten year old daughter uses the computer to do her homework, papers and reports.

Mr. Ratliff tutors children in the neighborhood, allowing them to become familiar with the computer. Mr. Ratliff has the only computer in his neighborhood. He uses the computer to keep accounting files and to prepare his tax records. Mr. Ratliff testified that there are computers in his child's school, but he does not know if his ten year old uses those computers. Mr. Ratliff testified that his twenty-one year old daughter has access to the computer lab at Connors State College.

■ *Okla. Stat. Ann. tit. 31, § 1(A)(3) (West 1991)* provides that all household and kitchen furniture held for personal, family or household use is exempt. The primary purpose behind the Bankruptcy Code is to insure that debtors are afforded a "fresh start." To classify household and kitchen furniture narrowly would undermine the public policy of the Bankruptcy Code. Society has been changing and the technology in homes across the nation has increased. Most homes now have computers. The computer has indeed become an integral part as a resource for information coming into households. It is used for entertainment, ordering merchandise and receiving information on financial, sports and current events. This is similar to the situation in which this Court determined that a VCR is necessary to maintain a household. *See In re Richardson,* Case no. 93–71511 (Bankr.E.D.Okla. May 3, 1994). The Bankruptcy Courts of the Western District of Oklahoma (*In re Liston,* 206 B.R. 235 (Bankr.W.D.Okla.1997); *In re Larson,* 203 B.R. 176, 180 (Bankr.W.D.Okla. 1996)), have held that a home computer is not exempt. However, in *Larson,* the debtor was not attending school at the time the petition was filed or at the time the hearing was held. The debtor in *Larson* intended to return to school within three to six months.

Mrs. Ratliff is attending school. Further, there are three children in the home who use the computer. In today's schools, many children are learning about the computer. Access to the computer at home will only enhance their skills. As a result, this Court finds that the home computer and printer in this case are exempt as household goods.

IT IS THEREFORE ORDERED that the Motion to Avoid Lien with Blazer Financial Services is **granted**.