**In the Matter of James R. CRAWFORD Hazel A. Crawford, Debtors.**

**James R. CRAWFORD Hazel A. Crawford, Movants,**

**v.**

**FIRST FAMILY FINANCIAL SERVICES OF GEORGIA, INC., Respondent.**

**Bankruptcy No. N98–12128–WHD.**

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

Oct. 27, 1998.

Allen M. Trapp, Jr., Carrollton, GA, for Debtors/Movants.

John E. Tomlinson, Tomlinson & Associates, Stone Mountain, GA, for Respondent.

### ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

Currently before the Court is the Debtors' Motion to Avoid Lien of First Family Financial Services of Georgia, Inc. (hereinafter "Motion") filed on July 27, 1998. First Family Financial Services of Georgia, Inc.(hereinafter "First Family") filed a Response to the Debtors' Motion on August 4, 1998. On September 4, 1998, the Court conducted an evidentiary hearing on the Debtors' Motion, after which it took this matter under advisement. This matter falls within the subject matter jurisdiction of the Court, *see* 28 U.S.C. § 157(b)(2)(K), and it shall be disposed of as follows.

### DISCUSSION

At issue in this controversy is whether a rifle and a computer constitute

"household goods" for purposes of lien avoidance under 11 U.S.C. § 522(f)(1)(B)(i). Section 522(f)(1)(B)(i) provides in pertinent part:

(f)(1) [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(B) a nonpossessory, nonpurchase-money security interest in any—

(i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor . . . .

11 U.S.C. § 522(f)(1)(B)(i). The Court has previously defined the term "household goods" as "those items of personal property that are typically found in or around the home and used by the debtor or his dependents to support and facilitate day-to-day living within the home, including maintenance and upkeep of the home itself." *In re Raines*, 161 B.R. 548, 550 (Bankr.N.D.Ga. 1993) (quoting *In re McGreevy*, 955 F.2d 957, 961–62 (4th Cir.1992)), *aff'd*, 170 B.R. 187 (N.D.Ga.1994). Consistent with the approach of the Fourth Circuit Court of Appeals in *McGreevy*, the Court agrees that there must be a "functional nexus" between a good and a debtor's household. *Raines*, 161 B.R. at 550.

## I. The Rifle

First Family contends that the Debtors' Remington Model 700 rifle is not a household good as that term has been defined by the Court. Instead, First Family characterizes the rifle as "typically a hunting type of instrument, not something normally you'd use in a defensive mode." (Tr. at 9). In *Raines*, the Court held that a .357 Smith & Wesson handgun was a household good subject to lien avoidance. *Raines*, 161 B.R. at 551. In reaching that conclusion, the Court reasoned that "items commonly used to protect the

home and its occupants support and facilitate daily household living." *Id.*

In the instant case, Debtor Hazel Crawford testified that the rifle is used in her home solely as a protection device. (Tr. at 14). When asked by the Court if the rifle is used for hunting, Mrs. Crawford responded "No." (Tr. at 14). Further, Mrs. Crawford testified that but for an occasional cleaning, the rifle is seldom removed from the gun cabinet. (Tr. at 15). First Family did not controvert Mrs. Crawford's testimony. Rather, First Family simply argued that a rifle is an offensive weapon typically used for hunting.

■ The Court is persuaded that the Debtors use the rifle for defensive purposes in and around their home. The only real difference between the handgun in *Raines* and the rifle in the case at bar is the length of the firearm. In the Court's view, such is a distinction without a difference. Thus, based on the reasoning set forth in *Raines*, the Court finds that the Debtors' rifle is a "household good" subject to lien avoidance under § 522(f)(1)(B)(i).

## II. The Computer

■ With respect to the computer at issue in this case, Mrs. Crawford testified that it is used for educational purposes. Specifically, the Debtors' young children use the computer to develop their math skills and to learn their ABCs. (Tr. at 13).[1] The case of *In re Ratliff*, 209 B.R. 534 (Bankr.E.D.Okla.1997), is particularly cogent in determining whether a computer is a household good for purposes of lien avoidance. In *Ratliff*, the court concluded:

Society has been changing and the technology in homes across the nation has increased. Most homes now have computers. The computer has indeed become an integral part as a resource for information coming into households. It is used for entertainment, ordering merchandise and receiving information on financial, sports and current events. In today's schools, many children are learning about the com-

---

1. The Court notes that somewhere between forty percent (40%) and forty-five percent (45%) of American households have personal computers.

Jake Kirchner, *PC Prices: How Low Can They Go?*, PC MAG., March 10, 1998.

puter. Access to the computer at home will only enhance their skills. As a result, this Court finds that the home computer and printer in this case are exempt as household goods.

*Ratliff,* 209 B.R. at 535. The Court agrees with the reasoning in *Ratliff* and finds that the Debtors' personal computer is a "household good" within the meaning of § 522(f)(1)(B)(i). *See also In re Reid,* 121 B.R. 875, 878 (Bankr.D.N.M.1990) (stating that a computer is a household good that a person might expect to find in today's average home); *In re Vaughn,* 64 B.R. 213 (Bankr.S.D.Ind.1986).

First Family argues that its lien can not be avoided because the computer was not in use by the Debtors on the petition date due to its supposed state of disrepair. First Family maintains that there can not be a "functional nexus" between broken items and the household inasmuch as broken items are not used by debtors in day-to-day living. It is not necessary for the Court to determine wheth-

er items that are broken on the petition date constitute household goods for purposes of lien avoidance. Mrs. Crawford's credible testimony was that the computer was not broken on the date of the petition. (Tr. at 17).[2] Further, no evidence to the contrary was provided to the Court.

### CONCLUSION

The Court finds that the Debtors' rifle and computer are household goods subject to the lien avoidance provisions of § 522(f)(1)(B)(i). Accordingly, the Debtors' Motion to Avoid Lien of First Family Financial Services of Georgia, Inc., is hereby **GRANTED.**

**IT IS SO ORDERED.**

---

2. Mrs. Crawford testified that the monitor base was broken sometime between the petition date and August 24, 1998, the date of the first meeting of creditors. (Tr. at 13).