**In re Chad Allan RHINES, Karen Marie Rhines, Debtors.**

**Bankruptcy No. 98–42675–13.**

United States Bankruptcy Court,
D. Montana,
Butte Division.

Dec. 1, 1998.

Randy Lee Tarum, Deschenes Law Office, Great Falls, MT, for Debtors.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

After due notice hearing was held at Great Falls on November 12, 1998, on the Debtors' motion, filed October 19, 1998, to avoid Beneficial's nonpossessory, nonpurchase-money security interests in exempt property pursuant to 11 U.S.C. § 522(f)(1)(B)(i). No response was filed, and no appearance was made in opposition by Beneficial. The Debt-ors appeared represented by counsel Randy Tarum. Debtor Chad Allan Rhines ("Chad") testified in support of the motion. No exhibits were admitted. At the close of the hearing this Court took the matter under advisement on the issue of whether Beneficial's liens on the Debtors' rifle and shotgun may be avoided based upon 11 U.S.C. § 522(f)(1)(B), which authorizes avoidance of nonpossessory, nonpurchase-money security interests in any "(i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor...."

■ Debtors seek avoidance of Beneficial's liens on collateral consisting of a computer, Magnavox 19″ TV, Phillips VCR, a 7mm Remington Mag, and a Masenberg 12 gauge shotgun. Chad's testimony establishes and the Court finds that Beneficial's liens in the each of the above-listed items are nonpossessory, nonpurchase-money security interests. With respect to the computer, Magnavox 19″ TV, and Phillips VCR, the Court further finds that they are each household goods for which § 522(f)(1)(B) permits lien avoidance of nonpurchase-money, nonpossessory security interests thereon. *In re Poehls,* 14 Mont. B.R. 406, 408–09 (Bankr.Mont.1995). Based upon the holding of *Poehls,* in the absence of any opposition by Beneficial and based upon Chad's uncontroverted testimony, the Court finds that the Debtors' motion to avoid Beneficial's liens is filed for good cause under § 522(f)(1)(B) with respect to the computer, Magnavox 19″ TV, and Phillips VCR.

■ The rifle and shotgun are addressed separately however, because lien avoidance is not permitted under § 522(f)(1)(B) with respect to liens on exempt sporting goods. *Poehls,* 14 Mont. B.R. at 409. This is a case of first impression in this district, on the issue of whether firearms such as the rifle and shotgun may be the subject of lien avoidance under § 522(f)(1)(B). This Court holds that they may be when used as the primary means of providing debtors with meat for food.

There is a split of authority on whether firearms may fall within the definition of

"household goods" for purposes of § 522(f)(1)(B). Some courts hold that firearms may be household goods where there is a relationship between the firearm and living in the household, or in other words a "functional nexus" between the good and the household. *In re Raines,* 170 B.R. 187, 188 (N.D.Ga.1994), *citing In re McGreevy,* 955 F.2d 957, 961–62 (4th Cir.1992) ("We are not prepared to conclude at this time that firearms *per se* can never be household goods under our newly-adopted definition, and we need not go so far on the record before us. Even assuming that firearms can be household goods under certain circumstances, it is clear that Mrs. McGreevy's firearms are not household goods [1].").

The vast majority of bankruptcy courts have held that firearms can never constitute household goods. *See McGreevy,* 955 F.2d at 962 n. 12 (listing cases). However, in the instant case the rifle and shotgun are the Debtors' primary means of obtaining meat for food. Chad testified that he uses the rifle to hunt for deer, antelope and elk, and that he uses the shotgun to hunt grouse and turkey. Chad has hunted each year since 1988, and his hunting is the Debtors' primary means of obtaining meat and fowl to feed themselves and their daughter, except for an occasional chicken they buy. He does not use the rifle for target shooting or other purposes. Chad's testimony is uncontroverted and credible.

■ In defining "household goods" under § 522(f)(1)(B), the definition includes personal property that enables a debtor and his or her dependents to live in a usual and comfortable manner even thought the property may be used away from the residence or curtilage. *In re Griffiths,* 86 B.R. 639, 643 (Bankr.W.D.Wash.1988). Based upon this record, the Court finds that the rifle and shotgun enable the Debtors to feed themselves, and thus to live in a usual and comfortable manner. Indeed, it is hard to imag-

ine a more "functional nexus" between a good and a household than the nexus between a firearm and the household that depends upon it for food. *Raines,* 170 B.R. at 188.

■ Like the State of Washington, Montana has a policy of liberal construction of its exemption statutes in favor of the exemption claimant. *McMullen v. Shields,* 96 Mont. 191, 29 P.2d 652, 653 (1934); *see Griffiths,* 86 B.R. at 642. Firearms are specifically exempted under Montana law pursuant to Mont.Code Ann. § 25–13–609(1).[2] They are specifically listed next to "other sporting goods". § 25–13–609(1). This rifle and shotgun, however, are not mere sporting goods. They provide Chad with the means to feed his wife and daughter. They are not collectibles, or hobby items.

■ Whether or not goods constitute "household goods" necessarily depends at least in part upon the cultural environment of the Debtors or the geographic location of the Debtors' household. *In re McGreevy,* 955 F.2d at 962. The firearms in *McGreevy* were not used by them to support or facilitate their day-to-day household living, and therefore did not constitute "household goods" under § 522(f). 955 F.2d at 962. In the instant case, by contrast, the Debtors use the rifle and shotgun to obtain meat and fowl for food, which in this Court's view provides support or facilitates their day-to-day household living. The majority rule which holds that firearms can never constitute household goods is incompatible with the Debtors' cultural environment, the geographic location of the Debtors' household, Montana's liberal exemption policy, and the Debtors' need to feed themselves. Accordingly, this Court holds that one rifle and one shotgun which are used as a debtor's primary means of obtaining meat and fowl to feed him- or herself and debtor's dependents constitute "household

---

1. The debtors in *McGreevy* used their shotgun primarily to hunt deer, for target practice and, as an after-thought, for protection. 955 F.2d 962.

2. Since the rifle and shotgun are exempt, Beneficial could not enforce its nonpossessory, nonpurchase-money security interests against them, even if its liens were not avoided. The only

claims enforceable against exempt property such as the firearms in question are claims for the purchase price of the property or a loan made for the express purpose of enabling the debtor to purchase the property and used for that purpose. Mont.Code Ann. § 25–13–607.

goods" for purposes of lien avoidance under § 522(f)(1)(B)(i).

IT IS ORDERED the Debtors' motion to avoid liens of Beneficial, filed October 19, 1998, is granted; and Beneficial's liens on the Debtors' household goods including a computer, Magnavox 19″ TV, Phillips VCR, a 7mm Remington Mag, and a Masenberg 12 gauge shotgun are avoided.