**In re Jon Brian GEBHART, and Judy M. Gebhardt, Debtors.**

**No. 99–50421–JDW.**

United States Bankruptcy Court,
S.D. Georgia,
Waycross Division.

Nov. 28, 2000.

William R. Little, III, Waycross, GA, for Debtors.

Dennis J. Strickland, Sr. Strickland & Garmon, Waycross, GA, for Pioneer Credit Company.

### MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Motion to Avoid Lien under 11 U.S.C. § 522(f)(1)(B)(i) filed by Chapter 7 Debtors Jon Brian Gebhart and Judy M. Gebhart ("Debtors"). This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(K). After considering the pleadings, evidence and applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Debtors originally filed for relief under Chapter 13 on April 30, 1999, and converted their case to one under Chapter 7 on March 21, 2000. On August 2, 2000, Debtors filed a motion to avoid a nonpossessory, nonpurchase-money security interest that Pioneer Credit Company ("Pioneer") holds in Debtors' "household goods, household furnishings and other such items as set forth in 11 U.S.C. § 522(f)(1)(B)[.]" On August 21, 2000, Pioneer filed an objection to Debtors' motion. In their pleadings, neither party made reference to Debtors' 40 inch "big screen" television set that is the subject matter of this opinion. Debtors' right to exempt the television was first called into question at the hearing the Court conducted on September 28, 2000.

At the hearing, Pioneer argued that Debtors should not be allowed to avoid the lien it holds on Debtors' television, alleging

that it is a luxury item. Debtors and Pioneer agree that the television is worth $500.00. Documents in the file indicate that Debtors do not seek to exempt any real or personal property used as a residence, nor do they seek to exempt items of personal property that have an aggregate value of more than $3,500.00. This means there is room to claim more property as exempt than Debtors actually own. It is arguable whether Debtor actually listed the property in question since reference to their big screen television is not clearly specified. Pioneer has made no objection, however, based on allegations that Debtors did not claim the property as exempt or that Debtors seek to exempt property valued at amounts in excess of the amounts allowed under Georgia statute. *See infra* note 6 and accompanying text.

Debtors have two children, one twelve years old and the other six, and they have more than one television set in their household. At the hearing, Debtors alleged that they use the big screen television to play educational videos for their children.[1] Debtors have another television to which their video player could be connected, but Debtors argued that the big screen television was more effective in capturing the younger child's attention.

## Conclusions of Law

■ Pioneer argued that a big screen television is a luxury item and that, accordingly, allowing Debtors to avoid its security interest would exceed the scope of the purpose of Section 522(f)(1)(B)(i).[2] The courts that have addressed this issue are of divided opinion on its resolution, though there is consensus that Section 522(f)(1)(B)(i) preserves more than the bare necessities of life for debtors. *See In re Larson,* 203 B.R. 176 (Bankr.W.D.Okla. 1996). The difference of opinion exists between those courts that engraft the notion of "necessity" into the meaning of Section 522(f)(1)(B)(i), and those that attempt to define the term "household good" without reference to such notion. *See Matter of Raines,* 161 B.R. 548, 549–50 (Bankr.N.D.Ga.1993) (Drake, J.).

Those courts defining the term "household goods" as items necessary for the debtor's fresh start engage in a two-step analysis when determining whether an encumbered item is a household good subject to a debtor's lien avoidance power under Section 522(f)(1)(B)(i). *Id.* at 549 (citing *In re McGreevy,* 955 F.2d 957, 959 (4th Cir.1992)). In the two-step analysis, the court first identifies an item as a household good if it is "a good 'found and used in or around the debtor's home,'" and then inquires into whether it is necessary for the debtor's fresh start. *Id.* As the Bankruptcy Court for the Northern District of Georgia pointed out in *Matter of Raines,* the second step "adds a requirement that is not found in the language of [Section 522(f)(1)(B)(i)]" . . . and is accordingly "contrary to the plain language of the stat-

---

1. Presumably the television could be used for entertainment purposes as well.

2. Section 522(f)(1)(B)(i) provides,

    (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

    . . .

    (B) a nonpossessory, nonpurchase-money security interest in any—
    (i)household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor[.]

    11 U.S.C. § 522(f)(1)(B)(i) (2000).

ute." *Id.* at 549–50 (citing *In re McGreevy*, 955 F.2d at 960; *In re Liming*, 797 F.2d 895, 901 and n. 6 (10th Cir.1986)) (alteration added, reflecting 1994 amendment).

In *Matter of Raines,* the court adopted the Fourth Circuit's approach to Section 522(f)(1)(B)(i), rejecting the importation of the notion of "necessity" into the Section's meaning. Following the plain language of the Code, the court focused instead on the "functional nexus" that should be found to exist between a debtor's household and the good that the debtor seeks to free from a lien under Section 522(f)(1)(B)(i). The *Matter of Raines* court accordingly defined "household goods" under Section 522(f)(1)(B)(i) as

> those items of personal property that are typically found in or around the home and used by the debtor or his dependents to support and facilitate day-to-day living within the home, including maintenance and upkeep of the home itself.

*Matter of Raines,* 161 B.R. at 550 (quoting *In re McGreevy,* 955 F.2d at 962).

Because it follows the plain language of the statute, the Northern District's functional nexus approach is the better interpretation of Section 522(f)(1)(B)(i), and an analysis pursuant to such approach will be employed here. Accordingly, Debtors' big screen television fits the definition of "household good" to the extent that it is a type of good, a television, typically found in a home, and to the extent that it is an item of personal property that Debtors or their dependents use to support and facilitate life within their home on a day-to-day basis. Since Debtors use the television to show educational programing to their children, and probably even if they use the television primarily for entertainment purposes for themselves and their children, Debtors use the television to support day-to-day life in their home. At least one court has observed that in a household with school-aged children, multiple television sets are particularly supportive of day-to-day life. *See In re Cottingham,* Ch. 7 Case No. 95–32441 B, 1996 WL 288393 at *3 (Bankr.W.D.Tenn.).

The question of the typicality of a 40–inch television may be another matter. The Court should guard, however, against designating the television as atypical simply because of the big screen where a television with a smaller screen might be a more common household item. In 1996, a court rejected a debtor's attempt to use Section 522(f)(1)(B)(i) to avoid a lien on a home computer after reading the notion of "necessity" into the Code. *In re Larson,* 203 B.R. at 180–81. In 1990, however, an earlier court, following the Code's plain language, found that a home computer was an item that might be found in an average household. *In re Reid,* 121 B.R. 875, 878–79 (Bankr.E.D.Okla.1990); *see also Matter of Crawford,* 226 B.R. 484, 485–86 (Bankr. N.D.Ga.1998) (finding functional nexus between debtor's household and home computer used for educational purposes).

The *In re Reid* court based its finding, in part, on the observation that " '[i]n our complex society, items that were once regarded as luxuries . . ., particularly home entertainment items such as televisions and stereo systems, are now commonplace and are viewed as necessities to the well-being of the family unit.' " *In re Reid,* 121 B.R. at 878 (quoting *In re Caruthers,* 87 B.R. 723, 728 (Bankr.N.D.Ga.1988)). Such may similarly be the case with big screen televisions, but the difference between big screen televisions and televisions with screens of ordinary size is probably more akin to the difference between handguns and rifles identified by the court in *Matter of Crawford.* The court observed that both types of firearms may be used for

defensive purposes in and around a debtor's home, thus meeting the functional nexus test, with the physical difference between them, the length of the barrel, being ultimately a mere distinction without a difference. *See Matter of Crawford*, 226 B.R. at 485. Similarly, both big screen televisions and televisions with screens of ordinary size may have a functional nexus with the debtor's household, with the difference in screen size being a distinction without a real difference, except perhaps in terms of the sets' fair market values.

As Pioneer urges, it is arguably contrary to the spirit of the Bankruptcy Code to allow Debtors to use Section 522(f)(1)(B)(i) to avoid an interest in a luxury item. However, the Code neither defines, nor even mentions, "luxury" as a concept limiting the exemptions that Section 522 allows debtors, or limiting the avoidance powers

that it creates for debtors. The Code does, however, address the value of the interest in items that debtors may exempt, and correspondingly, the extent to which debtors may avoid certain types of liens.[3]

■ Section 522(f)(1) allows the debtor to avoid a lien "to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section." 11 U.S.C. § 522(f)(1). Under Section 522(b)(1)[4] of the Bankruptcy Code and O.C.G.A. § 44–13–100(b),[5] the State of Georgia has opted out of the exemptions listed in Section 522(d) of the Bankruptcy Code. Accordingly, under Section 522(f)(1)(B)(i) of the Bankruptcy Code, a debtor domiciled in Georgia is entitled to avoid a nonpossessory, nonpurchase money lien that impairs an exemption to which he or she would have been entitled under O.C.G.A. § 44–13–100(a).[6] As in Section

---

**3.** This case illustrates an obscure conflict between Section 522(f)(1) and Section 522(b)(1). Items of ordinary value and typical use are easily analyzed under these sections. But what if an exceptionally valuable item of property is exempted as a matter of value and classified as a household good as a matter of use? For example, how does the lien avoidance analysis apply to a silver serving spoon or an antique end table? If the item is worth $5,000, it might be included in the debtor's exemption schedule. Further, the item might be used every day in the debtor's home in the same manner as a comparable item of nominal value. A working definition of "luxury" would cover both items. While the avoiding of a lien in either item seems inconsistent with the spirit and purpose of the Code, such a result would be in accord with its plain language. The value of the "big screen" television in this case is not sufficient to excite more than a curious interest in this possibility. A significantly more valuable item of the same description might heighten this court's anguish over the conflict between the sections.

**4.** Section 522(b)(1) provides, in relevant part, Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate, the property listed in either

paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is—
(1) property that is specified under subsection (d) of this section, *unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize* [.]
11 U.S.C. § 522(b)(1) (emphasis added).

**5.** Section 44–13–100(b) provides, in relevant part,

Pursuant to 11 U.S.C. Section 522(b)(1), an individual debtor whose domicile is in Georgia is prohibited from applying or utilizing 11 U.S.C. Section 522(d) in connection with exempting property from his or her estate[.]
O.C.G.A. § 44–13–100(b) (2000).

**6.** The relevant exemptions to which Debtors would have been entitled, as provided by O.C.G.A. § 44–13–100(a), include

(4) The debtor's interest, not to exceed $200.00 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments that are held primarily for the personal, family, or household use of the debtor or a depen-

522(d) of the Bankruptcy Code, O.C.G.A. § 44–13–100(a) expresses the relevant exemptions in terms of the maximum value of the interest that a debtor may exempt from property of the estate.

 Under O.C.G.A. § 44–13–100(a)(4), Debtors are entitled to exempt their interest in up to $200.00 of any particular household good's value, provided the aggregate value of exemptions taken under O.C.G.A. § 44–13–100(a)(4) does not exceed $3,500.00. Furthermore, under the "wildcard" exemption provided in O.C.G.A. § 44–13–100(a)(6), Debtors may exempt their interest in the value of any property, including the types of property specified in Section 522(f)(1)(B)(i) of the Bankruptcy Code, up to the amount of $5,400.00, provided such amount has not been utilized to exempt Debtors' interest in the value of other property. *See Matter of Ambrose*, 179 B.R. 982, 984–85 (Bankr.S.D.Ga.1995) (Davis, J.) (allowing debtors to avoid non-possessory, nonpurchase money security interest impairing O.C.G.A. § 44–13–100(a)(6) "wildcard" exemption of debtors'

interest in the value of items exceeding $200.00 limit specified by O.C.G.A. § 44–13–100(a)(4)). Thus, under Section 522(f)(1)(B)(i) of the Bankruptcy Code, Debtors may avoid Pioneer's lien on the television set in question to the extent that Pioneer's lien impairs Debtors' right under O.C.G.A. § 44–13–100(a)(4) to exempt their interest in the first $200.00 of the television's value from property of the estate. Furthermore, Debtors may avoid Pioneer's lien on the television set in question to the extent that Pioneer's lien impairs Debtors' right under O.C.G.A. § 44–13–100(a)(6) to exempt their interest in the remaining $300.00 of the television's value from property of the estate. Debtors have remaining to them an interest in the amount of at least $300.00 in any property that they may exempt under O.C.G.A. § 44–13–100(a)(6).[7] Accordingly, Debtors may avoid the full amount of Pioneer's lien on the television set in question.

dent of the debtor. The exemption of the debtor's interest in the items contained in this paragraph shall not exceed $3,500.00 in total value[.]

O.C.G.A. § 44–13–100(a)(4). Such exemptions also include Georgia's "wildcard" exemption of

(6) The debtor's aggregate interest, not to exceed $400.00 in value plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property[.]

O.C.G.A. § 44–13–100(a)(6). Paragraph (1) of Subsection 44–13–100(a) allows Debtors to exempt,

(1) The debtor's aggregate interest, not to exceed $5,000.00 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor[.]

O.C.G.A. § 44–13–100(a)(1).

**7.** As stated *supra*, this fact is apparent from information in the file. Debtors did not specifically plead it, however. Rather, they made general reference to "household goods, household furnishings, and other such items as set forth in 11 U.S.C. § 522(f)(1)(B)[.]" Because Debtors have the burden of proving their right to exempt the television, Pioneer might have based a successful objection to Debtors' motion to avoid its lien on Debtors' failure to plead that Pioneer's lien actually impairs exemptions that are available to Debtors under 11 U.S.C. § 522(b) and O.C.G.A. § 44–13–100(a). However, information in the file establishes a sufficient basis upon which Debtors might amend their pleadings to overcome such an objection. Accordingly, the Court will not resolve this matter on Debtors' sketchy pleadings, but the deficiency is nevertheless notable.