**In re Laura M. DOSS, Debtor.**

No. 03–27948.

United States Bankruptcy Court,
W.D. Tennessee,
Western Division.

Oct. 1, 2003.

Bruce A. Ralston, Law Office of Bruce A. Ralston, Memphis, TN, for Laura M. Doss.

## MEMORANDUM OPINION AND ORDER GRANTING DEBTOR'S MOTION TO AVOID LIEN AND FIXING VALUE ON COLLATERAL

WILLIAM H. BROWN, Bankruptcy Judge.

Before the Court is the contested motion of Chapter 13 Debtor Laura M. Doss ("Debtor") to avoid the nonpossessory, nonpurchase-money security interest of Washington Mutual Finance ("Washington Mutual") in personalty that the Debtor claims as exempt and to fix the value on collateral that the Debtor concedes is subject to a nonavoidable lien. Specifically, the Debtor admits that Washington Mutual holds a valid purchase-money lien on the Debtor's bedroom furniture but the parties dispute the value of that furniture, presumably for purposes of payment in the chapter 13 plan. The Debtor also seeks to avoid Washington Mutual's lien on the Debtor's fifty-inch (50″) big-screen television pursuant to 11 U.S.C. § 522(f)(1)(B)(i). Upon consideration of

the testimony of the Debtor and Mr. John Raney, the Debtor's appraiser, the statements of counsel, relevant case law, and the entire record in this contested matter, the Court determines that the value of the Debtor's bedroom furniture is $1,000, and the nonpurchase-money lien of Washington Mutual encumbering the Debtor's big-screen television is avoidable pursuant to § 522(f)(1)(B)(i) of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), (K) and (O); see also FED. R. BANKR. 4003(d). The following constitutes the Court's findings of fact and conclusions of law pursuant to FED. R. BANKR.P. 7052.

## ISSUES

The parties agree that the Debtor's bedroom furniture is subject to a purchase-money security interest of Washington Mutual, so the only issue as to the bedroom furniture is its fair market value for purposes of treatment of the creditor's secured claim in the chapter 13 plan. As to the Debtor's big-screen television, which is subject to an admittedly nonpurchase-money lien, the primary issue to be decided by the Court is whether the television meets the "household goods" or "appliances" requirement for lien avoidance under § 522(f)(1)(B)(i).

## FACTUAL SUMMARY

The facts of this case are undisputed. The bedroom furniture and big-screen television at issue were purchased by the Debtor and her former spouse during the course of their marriage. These items were subsequently awarded to the Debtor by the terms of those parties' marital dissolution agreement, which was incorporated into their divorce decree. Washington

Mutual Finance holds two debts, one secured by a purchase-money lien on bedroom furniture, and a second secured by a nonpurchase-money lien on the television. The Debtor testified that the bedroom furniture and television are currently at her residence and that she uses the bedroom furniture on a day-to-day basis. She also testified that she and her three-year old son routinely use the television for household purposes and that it is the only television in the Debtor's residence.

The Debtor presented the testimony of Mr. Raney, an experienced estate appraiser.[1] Mr. Raney testified that, in his opinion, the fair market value of the Debtor's used bedroom furniture is $1,000, and that the fair market value of the Debtor's big-screen television, assuming it functions properly, is $450. Washington Mutual presented no evidence to contradict the estimated fair market values assigned by Mr. Raney.

As stated, the only issue pertaining to the bedroom furniture is its value, and since there is no conflicting testimony about value, the Court is obligated to fix the value at $1,000. As to the television, Washington Mutual alleges that, because it is a big-screen television, it cannot be deemed a "household good" or "appliance" for purposes of lien avoidance, but that it is instead a luxury item, and therefore its lien encumbering the television is unavoidable.

## DISCUSSION

Section 522(f) of the Bankruptcy Code governs the Debtor's ability to avoid certain security interests, providing that the Debtor may avoid the lien to the extent that the lien impairs an exemption to

1. The appraiser charged the Debtor a total of $400 to appraise and testify about the appraisal.

which the Debtor is otherwise entitled, provided the lien is:

> (B) a nonpossessory, nonpurchase-money security interest in any—
>
>> (i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

11 U.S.C. § 522(f)(1)(B)(i). The relevant Tennessee exemption statute provides:

> Personal property to the aggregate value of four thousand dollars ($4,000) debtor's equity interest shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee, and such person shall be entitled to this exemption without regard to the debtor's vocation or pursuit or to the ownership of the debtor's abode. Such person may select for exemption the items of the owned and possessed personal property, including money and funds on deposit with a bank or other financial institution, up to the aggregate value of four thousand dollars ($4,000) debtor's equity interest.

Tenn.Code Ann. § 26–2–103. Clearly the television at issue is personal property which meets the requirements for exemption under Tennessee law, if its value is $4,000 or less. Mr. Raney's testimony regarding the value of the Debtor's television is undisputed, and the Court will accept the value assigned by Mr. Raney, who was experienced in valuing such property for resale, as accurate. Therefore, the only issue to be determined is whether the Debtor's big-screen television qualifies as a household good or appliance "held primarily for the personal, family, or household use of the debtor or a dependent of the debtor" so as to be within the purview of

§ 522(f)(1)(B)(i). The Court notes that the Bankruptcy Code makes no distinction as to whether the item is a "luxury good," nor does it state that liens on such luxury items are unavoidable.

The present Bankruptcy Code does not define "household goods." Congress has before it a bill that would, among other things if enacted, define the phrase and place limits on the avoidance of liens on some items. See Bankruptcy Abuse Prevention and Consumer Protection Act of 2003, passed in the House as H.R. 975 on March 19, 2003, but not acted upon in the Senate. The current Bankruptcy Code controlling this case is not affected by a not-yet-enacted change. This Court has previously adopted and applied the definition set forth by the Fourth Circuit in *McGreevy v. ITT Fin. Serv. (In re McGreevy)*, 955 F.2d 957, 961–962 (4th Cir.1992), which declares that "household goods under Section 522(f) are those items of personal property that are typically found in or around the home and used by the debtor or his dependents to support and facilitate day to day living within the home, including maintenance and upkeep of the house itself." *See In re Cottingham*, No. 95–32441–B, 1996 WL 288393, *2 (Bankr.W.D.Tenn. April 25, 1996), where multiple televisions existed in the household. In its *Cottingham* decision this Court stated:

> Having rejected the requirement that an item must be strictly necessary for daily living in order to qualify as a household good under § 522(f) in favor of a requirement that an item actually supports and facilitates day to day living in the household, the Court finds that the stereo and two televisions are items that facilitate and support day to day living by providing entertainment for the debtor and his dependents.... This is particularly true given that the debtor has school age children.

*In re Cottingham,* 1996 WL 288393 at *3 (citations omitted). Although the television at issue in the *Cottingham* case was not a big-screen television, the same reasoning is applicable to the Debtor's situation in this case.

The bankruptcy court for the Southern District of Georgia recently addressed the issue of whether a big-screen television qualifies as a household good for purposes of lien avoidance pursuant to § 522(f)(1)(B)(i), and the Court finds the reasoning of the Georgia bankruptcy court persuasive. *See In re Gebhart,* 260 B.R. 596 (Bankr.S.D.Ga.2000). The *Gebhart* court cautioned that "[t]he Court should guard ... against designating the television as atypical simply because of the big screen where a television with a smaller screen might be a more common household item." *Id.* at 599. The *Gebhart* court further reasoned that "both big screen televisions and televisions with screens of ordinary size may have a functional nexus with the debtor's household, with the difference in screen size being a distinction without a real difference, except perhaps in terms of the sets' fair market values." *Id.* at 600.

The *Gebhart* court went on to note, and this Court agrees, that "the Code neither defines, nor even mentions, 'luxury' as a concept limiting the exemptions that Section 522 allows debtors, or limiting the avoidance powers that it creates for debtors." *Id.* The expert appraiser in this case also testified that big-screen televisions were common now and that the technology changes rapidly, reducing the value of an older model. The Court finds therefore that the Debtor's big-screen television is an item of personal property typically found in or around the home, and used by this Debtor to support and facilitate day-to-day living within her home; thus, the television is a household good for purposes of lien avoidance under § 522(f)(1)(B)(i).

The Court further finds that the television's undisputed appraised value of $450 is an accurate, fair market value. This value also negates any argument that it is a luxury item.

## CONCLUSION

Based on the foregoing discussion, the Court finds that Washington Mutual's lien encumbering the Debtor's big-screen television, with a value of $450, is avoidable by the Debtor pursuant to § 522(f)(1)(B)(i) of the Bankruptcy Code, and that the Debtor's motion to avoid that lien is accordingly **GRANTED.** The value of the bedroom furniture is $1,000, and the parties shall use that value for purposes of treatment of Washington Mutual's secured claim in the chapter 13 plan. The Clerk shall mail copies of this Opinion and Order to the debtor, counsel making appearances and the chapter 13 trustee